## KENDALL *v.* BOARD OF EDUCATION OF CITY OF GRAND RAPIDS.

MUNICIPAL BOARDS—PARLIAMENTARY LAW—SUSPENSION OF RULES —CHANGE OF TEXT-BOOKS BY BOARD OF EDUCATION.

Where the rules of an incorporated municipal board, authorized by statute to adopt by-laws and rules of procedure, preclude certain proposed action, but further provide that any rule may be suspended by a vote of two-thirds of the members present, the loss, by a two-thirds vote, of a motion to table the matter so presented, operates as a suspension of the prohibitive rule, and action thereafter taken by a majority vote is valid if otherwise proper. So *held* on *mandamus* involving the legality of a change of text-books by a board of education.

*Certiorari* to Kent; Grove, J. Submitted October 8, 1895. Decided October 22, 1895.

*Mandamus* by Lauren E. Kendall to compel the board of education of the city of Grand Rapids to rescind its action whereby it assumed to adopt a certain series of text-books for use in the public schools. From an order sus-

taining a demurrer to the petition, relator brings *certiorari*. Affirmed.

*Kingsley & Kleinhans*, for relator.

*Henry J. Felker (Fletcher & Wanty* and *W. W. Taylor*, of counsel), for respondent.

Long, J. The board of education of the city of Grand Rapids is composed of 24 members and the mayor of the city. It was created under Act No. 344, Laws of 1871, as amended by Act No. 451, Local Acts 1887. Section 11 of the amended act prescribes the powers and duties of the board as follows:

"The board of education of said city shall have power and authority to designate and purchase school-house sites; to construct and erect school buildings, and furnish the same; to employ superintendents, teachers, librarians, janitors, and workmen; to provide room, furniture, apparatus, books, and charts and all things requisite for the district library; to provide apparatus and scientific collections for illustration; to establish, locate, and maintain high schools, grammar schools, primary schools, and industrial or manual training schools; to establish and maintain a district library; to purchase, exchange, repair, and improve the school apparatus, books, furniture, appendages, fixtures, text-books, and all other school supplies used in said schools; to supply and loan to all pupils in the several grades and departments of said schools, free of charge, but under such rules and regulations as the board shall prescribe, all text-books and supplies used and to be used by the pupils of said schools; to collect in and recover back all books and apparatus heretofore loaned and given to indigent pupils of the public schools of said city; to do all things needful and desirable for the maintenance, prosperity, and success of said schools, and the promotion of the thorough education of the pupils thereof; and to adopt by-laws and rules for the procedure of the board, and to make and enforce all needful rules and regulations for the control and management of the schools and district library of said city."

Section 5067, 3 How. Stat., provides that when text-books are once adopted by any school board they

shall not be changed within five years, except by consent of a majority of the qualified voters of the district present at an annual meeting, or a special meeting called for that purpose.

Harper's series of geographies had been in use in the schools of Grand Rapids for more than five years, when, on January 5, 1895, notice was given by one of the members that at some future time he would propose the adoption of Frye's series of geographies. The matter was thereafter presented, and referred to a committee, who made a report to the board on August 3, 1895, recommending the adoption of the Frye series. Twenty-one members of the board were present. A motion was made to lay the report on the table. The vote was taken by yeas and nays, 15 members voting nay and 6 voting yea. The motion was declared lost. A motion was then made that the report be adopted, and upon this motion 13 voted yea and 8 nay. The motion was declared carried, and the Frye series adopted. Relator made a petition to the court below asking a *mandamus* to compel the board to rescind its action, and that in the meantime the board be restrained from incurring any liability on account of such action. The board demurred to the petition. The case was heard in the court below, and the demurrer sustained. The case comes here by *certiorari* to review the action of the lower court.

The contention of counsel is that the board acted without authority of law, and contrary to its by-laws, rules, and regulations, and especially to rules 13 and 66. Rule 13 of the board provides:

"The committee on text-books shall, from time to time, recommend to the board such changes in the books used in the schools as may be deemed expedient. No action shall be had upon text-books except at a regular meeting of the board, and no text-book shall be adopted which has not been proposed at a regular meeting at least one month previous to its adoption, and no book or books shall be considered adopted which do not receive the

affirmative vote of a majority of the entire board. The text-books used and the studies pursued in all schools of the board shall be such, and such only, as are authorized by the board; and no pupil will be allowed to continue in school unless furnished with the required books and stationery, except by permission of the superintendent. Twenty copies of every book, atlas, or other production, and six copies of every extended map, sought by publisher, author, or agent to be introduced into the public schools, must be donated to the board before the same shall be referred to the text-book committee, and all such presentations shall lie on the table one month for examination before the final action of the board. No text-book, song, or printed paper of a sectarian or political character shall be adopted or used in any of the schools of the board."

Rule 66 provides that any rule or by-law may be suspended by a vote of two-thirds of all the members present.

The contention is that rule 13 was in force, and not suspended, and that upon the adoption of the report two-thirds of the members did not vote in the affirmative. Counsel proceed upon the theory that these rules are binding upon the present board; that under the statute the board was compelled to adopt rules in reference to changes of text-books in the schools. But, however this may be, we think it clear that the board, at its meeting on August 3, 1895, suspended rule 13, as provided by rule 66; that is, by a two-thirds vote of all the members present. The motion was made to lay the report of the committee on the table. This was declared lost by a vote of 6 yeas to 15 nays. The report was then by a vote of two-thirds of the members present before the board for action, and there was nothing then before the board but the report to be acted upon. The rule having been suspended, it required only a majority vote to carry it. This was given, and the report adopted. As this action, we think, must settle the case, no further discussion is necessary.

The court below very properly sustained the action of the board, and that order must be affirmed.

The other Justices concurred.