NELS NELSON ET AL., APPELLANTS, V. CITY OF SOUTH OMAHA ET AL., APPELLEES.

FILED MAY 7, 1909. No. 15,520.

1. **Cities:** CITY COUNCIL: SPECIAL MEETINGS. A meeting of a city council held on a day other than that fixed for its regular meetings, although no call for a special meeting has been made, is a valid special meeting if all the members of the council are present and consent to such meeting.

2. ———: ———: ORDINANCES: SUSPENSION OF RULES. Sections 8107 and 8108, Ann. St. 1903 (Comp. St. ch. 13, art. II, secs. 108, 109, the South Omaha charter for 1903), construed, and *held* to authorize the city council of said city to suspend the rules requiring ordinances to be read on three different days.

3. ———: ———. ———: ———. When an ordinance of a city has been read at three meetings of the city council held on three different days, and the second reading was by title only, and when all the members of the council were present and voted for the second reading of the ordinance by its title only, such action is equivalent to a suspension of the rules, and is a sufficient compliance with the statute requiring ordinances to be read in full `on three different days unless such reading is dispensed with by a two-thirds vote of all members of the council.

4. ———: PUBLIC IMPROVEMENTS: ORDINANCE. Section 8129, Ann. St. 1903 (Comp. St. 1903, ch. 13, art. II, sec. 128, subd. III), examined, and *held* not to require the passage of an ordinance for the ordering of paving and curbing.

5. ———: ———: NOTICE. Section 8129, Ann. St. 1903, examined, and *held* not to require the service of notice upon property owners to designate material to be used for paving and curbing.

6. ———: ———: APPROVAL OF ESTIMATES. Section 8129, Ann. St. 1903, does not require the city council to approve the estimate of the cost of paving and curbing made by the city engineer.

7. ———: ———: APPROVAL OF PLANS. The action of the city council in approving two or more sets of plans and specifications in one motion, while irregular, is not void.

8. ———: ———: SPECIAL TAXES. Section 8129, Ann. St. 1903, authorizes the city council of South Omaha to issue bonds to pay for paving and curbing, and to levy a special tax on the property specially benefited by the improvement to reimburse itself.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*A. H. Murdock* and *Frank Crawford,* for appellants.

*S. L. Winters* and *W. C. Lambert, contra.*

GOOD, C.

This action was brought by plaintiffs to enjoin the collection of certain special taxes levied against their prop-

erty by the city of South Omaha for the paving and curbing of a part of thirtieth street in said city, upon the ground that the taxes were void for reasons hereinafter stated. From a judgment for defendants, plaintiffs have appealed.

Plaintiffs assert that the taxes are void for the following reasons: First, that the ordinance creating the improvement district is void because not properly passed; second, because the paving and curbing was not ordered by ordinance; third, because the council ordered the paving and curbing before the expiration of 20 days after the publication of the petition of property owners praying for the improvement; fourth, that 30 days' notice was not given the property owners in which to select the material for paving and curbing; fifth, the city engineer's estimate of the cost of making the improvements was not approved nor adopted by the council; sixth, the council did not approve the engineer's plans and specifications separately and apart from plans and specifications for other public improvements; seventh, the city paid for the paving and curbing by the proceeds of a bond issue, and could not levy a special tax to reimburse itself. These objections will be considered in their order.

Ordinance No. 1257, creating the improvement district, declaring the necessity for its improvement by paving and curbing, and providing for the designation of material to be used in its improvement, is asserted to be void because it was not properly passed. The precise objection made is that the ordinance was not read on three different days, and its second reading was by title only. The record shows that the ordinance was read on three separate days. The second reading occurred at what was termed in the council proceedings "an adjourned meeting." It did not appear that any previous regular or special meeting had been adjourned to that date. It did appear, however, that all members of the council were present and voted to place the ordinance upon its second reading. It is wholly immaterial whether the meeting of the council was a

special meeting or an adjourned meeting, and it is immaterial that no call for a special meeting was had. Special meetings may be held at any time by the consent and presence of all of the members of the council. *Magneau v. City of Fremont,* 30 Neb. 843; *Lord v. Anoka,* 36 Minn. 176.

It is further contended that the ordinance is void because it was read by its title only at the second reading. There are two sections of the South Omaha charter, as it then existed, relating to the manner of passage of ordinances. They are sections 8107 and 8108, Ann. St. 1903. By the first of these sections ordinances of a general or permanent nature are required to be "fully and distinctly read on three different days unless the council shall dispense with this rule by a two-thirds vote of the members elected." Section 8108 provides, among other things, "that no ordinance shall be passed the same day or at the same meeting it is introduced, and no ordinance shall be passed without being fully read on three separate days." These two sections are in seeming conflict. They were both passed at the same time and as a part of the same general act. Construing the two sections together, we think it was the intention to permit the council by a two-thirds vote to suspend the rules and dispense with the reading in full on three different days. Any other construction would make nugatory the provisions contained in the first of these sections for the suspension of rules by a two-thirds vote of the council. Statutes should be so construed, if possible, as to give effect to each and every part thereof.

The record does not disclose that there was any formal motion to suspend the rules, but it does show that all members of the council were present and all of them voted to place the ordinance upon its second reading by title. Defendants contend that this is equivalent to a suspension of the rules. The object of the rule was to prevent hasty and ill-advised legislation and to prevent an ordinance being passed or adopted until read in full on three

different days, unless at least two-thirds of the members of the council concurred in its passage or adoption. The record shows not only that two-thirds but all members voted for the second reading of the ordinance, and for its final passage at a subsequent meeting of the council. It appears to us that the passage of a formal motion to suspend the rules by two-thirds of the members of the council would have been an idle formality. Two-thirds of the council could have carried such a motion, and then a majority vote could have ordered the second reading by title. The only case that we have been able to find bearing directly upon the question is *Kendall v. Board of Education,* 106 Mich. 681. It was there held that the suspension of the rule would not have to be made in the formal way; that, if two-thirds of the body voted in the affirmative on the matter, it was in effect a suspension of the rules. We think the action of all members of the council in voting for the second reading of the ordinance by title only was equivalent to a suspension of the rules. We therefore conclude that ordinance No. 1257 was properly passed and is valid.

Plaintiffs contend that the paving and curbing should have been ordered by ordinance, and that it could not be lawfully ordered in any other way. The law governing the construction of such public improvements in the city of South Omaha is contained in section 128 of its charter and particularly in subdivision III thereof. The first part of said section 128 is as follows: "In addition to the powers herein granted, cities governed under the provisions of this act shall have power by ordinance: I. To levy taxes for general revenue purposes. * * * II. To levy any other tax or special assessment. * * * III. The mayor and city council shall have the authority to create street improvement districts for the purpose of improving the streets," etc. There are a large number of subdivisions of section 128, many of which subdivisions begin with the infinitive, as do the first and second subdivisions. The third subdivision, however, provides a

general scheme for the improvement of streets, boule-
vards and public grounds of the city by paving, curbing,
guttering and the like. An examination of subdivision
III shows that the first step required is the filing with
the city clerk of a petition signed by the owners of a ma-
jority of the feet frontage of the district to be improved.
Upon the filing of such petition it is mandatory upon the
mayor and council to act. There are several places in
said subdivision III where certain acts are required to be
done by ordinance. For the purpose of paying the cost
of improving the streets, the mayor and council is given
power to and may by ordinance cause to be issued bonds
of the city. Whenever repaving is to be done, said sub-
division III requires the mayor and council by ordinance
to declare it proper and necessary. While the provision
for the letting of the contract for paving and curbing is
simply required to be ordered and to be let to the lowest
responsible bidder, there is nowhere any specific provi-
sion in said subdivision which requires the ordering of
the paving and curbing or the letting of the contract to
be by ordinance. There are provisions in other sections
of the charter which indicate that improvements of this
character may be provided for by resolution, motion or
order, and there are provisions for the mayor vetoing
resolutions or orders to enter into a contract for public
improvement. There is another provision of the charter
which requires the ayes and nays to be recorded to pass
or adopt any by-law, ordinance, resolution or order to
enter into a contract for improvements. The language of
said subdivision would indicate that it was necessary to
pass an ordinance declaring the necessity for such an
improvement, yet this court has held that a similar pro-
vision in the charter of Omaha did not require an ordi-
nance declaring such improvement necessary. *Eddy v.
City of Omaha,* 72 Neb. 550; *Portsmouth Savings Bank
v. City of Omaha,* 67 Neb. 50; *Orr v. City of Omaha,* 2
Neb. (Unof.) 771. The supreme court of Oklahoma in
*Paulsen v. City of El Reno,* 98 Pac. (Okla.) 958, in pass-

ing upon a similar charter provision, held that it was not necessary that such improvements should be directed and made under an ordinance. In the *Atchison Board of Education v. De Kay,* 148 U. S. 591, the supreme court of the United States, speaking through Justice Brewer, upon a similar question, say: "Now, it is insisted that consent could only be given by an ordinance, and not by resolution, and in support thereof the case of *Newman v. Emporia,* 32 Kan. 456, is cited. * * * The general rule is that, where the charter commits the decision of a matter to the council, and is silent as to the mode, the decision may be evidenced by a resolution, and need not necessarily be by ordinance." The language of the supreme court of Iowa in *Martin v. City of Oskaloosa,* 126 Ia. 680, is pertinent. In passing upon a similar charter provision, it is said: "We are of the opinion, however, that no general ordinance was essential to enable the city to order the improvement, and take the steps necessary to a valid assessment. It certainly cannot be true that where the entire procedure is regulated by statute, and nothing is left to be determined by general ordinance, the city can derive any greater authority from an ordinance which simply re-enacts the provisions of the statute. All that can be essential in such a case is that the city take the steps provided by the statute, and, if these steps are taken as required, the assessment will certainly be valid." From a consideration of the provisions of the South Omaha charter referred to and of the authorities cited, we are of the opinion that it was not necessary for the council to order curbing and paving of streets by ordinance.

In said third subdivision of section 128 it is provided that a copy of the petition of the property owners praying the improvement shall be published in the official paper of the city for five consecutive days, and no paving shall be finally ordered or contract let for the same until the 20 days allowed for protesting signatures shall have expired. Plaintiffs insist that 20 days did not elapse

from the time of the publication of the petition before council finally ordered the paving and curbing. In this we think plaintiffs are in error. The record discloses that the petition was published from the 12th to the 17th day of June, inclusive, 1905. The act by which the council ordered the improvement was the final letting of a contract. This was not done until the 1st day of August, 1905. There never was any definite or final ordering of the improvement until the contract was let, and this did not occur until more than 20 days had elapsed after the publication of a copy of the petition.

Plaintiffs contend that the property owners did not have notice to select the material for paving and curbing Thirtieth street. In the latter part of said subdivision III of section 128 it is provided that whenever any paving and curbing shall be declared necessary by the mayor and council, and an improvement district shall have been created, it shall be the duty of the mayor and council to give the property owners within such district 30 days from the date of the approval and publication of the ordinance declaring such improvement necessary to designate by petition the material to be used in the paving and curbing. There is a further provision that, if the property owners fail to designate the material, the mayor and council may designate it. The statute does not require the service of any notice upon the property owners. Ordinance No. 1257, above referred to, was published on the 15th day of June, 1904. It provided as follows: "That thirty days be and the same are hereby given to the property owners within said improvement district from and after the approval and publication of this ordinance in which to designate the material, according to law, with which the curbing and paving of said streets shall be done." The statute simply gives to the property owners 30 days within which to designate the material, but does not require that any notice be served upon them. A similar provision in the charter of the city of Omaha has been construed by this court and it was held that no

notice was required to be served. *Portsmouth Savings Bank v. City of Omaha,* 67 Neb. 50; *Eddy v. City of Omaha,* 72 Neb. 550. More than thirty days elapsed from the time of the publication of the ordinance above referred to prior to the letting of the contract for making the improvements. The statute appears to have been fully complied with.

Plaintiffs complain that the estimate of the city engineer was never approved nor adopted by the council. Section 61 of the charter provides that, before the council shall make any contract for work on the streets or any other work or improvement to cost more than $200, an estimate of the total cost thereof, together with detailed plans and specifications thereof, shall be made by the city engineer and submitted to the council, and, if approved by the council, such plans and specifications shall be returned to the city engineer and kept by him subject to public inspection, and no contract shall be entered into for any work or improvement for a price exceeding such estimates. It appears from the record that the plans and specifications of the city engineer were approved by the mayor and council, but there was no approval of the estimate. A careful reading of that portion of the statute shows that the approval by the council has reference to the plans and specifications only, and not to the estimate. The only reference to the approval by the council is in the following language: "And if approved by the council such plans and specifications shall be returned to the city engineer and kept by him subject to public inspection." This clause is set off by commas, and has no reference to the estimate of the cost made by the engineer.

Plaintiffs further complain because the action of the council in approving the plans and specifications was by a vote taken upon the acceptance of these particular plans, together with plans and specfications for an entirely different district, and both being approved by the same vote. The statute nowhere requires that a separate vote should be had in approving the plans and specifica-

tions. While the practice of approving plans and specifications for two or more districts or for two or more improvements by the same motion or resolution is not to be commended, yet it is not in contravention of any provision of the charter, and no complaint is made that any one was injured thereby. This was an irregularity, but does not go to the jurisdiction or power of the council to levy the taxes for the special assessment.

It is finally contended that, after the city had paid for the improvements by the proceeds of the issue of bonds, it was without power to reimburse itself by the levy of special taxes. A sufficient answer to this is that the charter specially provides that the city shall issue general bonds to pay for the improvement, and then provide by special taxes and assessments a sinking fund for the payment of said bonds. The special taxes complained of appear to have been levied in conformity with the statute.

We find no error in the record, and therefore recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.