JEFFREY POKORNY, APPELLEE, V. CITY OF SCHUYLER, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

275 N. W. 2d 281

Filed February 13, 1979. No. 41892.

James K. Langdon, McGroarty, Welch & Langdon, P.C., and Donn K. Bieber, City Attorney, for appellants.

Martin A. Cannon of Matthews & Cannon, P.C., for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, CLINTON, and WHITE, JJ., and KNAPP, District Judge.

BOSLAUGH, J.

This was a suit to declare void the action taken by the city council of the City of Schuyler, Nebraska, on March 16, 1977, and March 25, 1977, relating to the purchase of land for use in the improvement of the sanitary sewage disposal system of the City. The petition alleged that the City had violated the provisions of the open meeting law, sections 84-1408 to 84-1414, R. R. S. 1943. The petition also sought to enjoin the expenditure of public funds or other implementation of the resolution adopted by the city council on March 25, 1977.

The plaintiff is a resident and taxpayer of the City and brought the action on behalf of all taxpayers similarly situated. The defendants are the City and the members of the city council.

The trial court found generally for the plaintiff and enjoined the defendants from carrying out any action authorized at the meetings of March 16, 1977, and March 25, 1977. The defendants have appealed.

The record shows that in 1977 the City of Schuyler, Nebraska, was considering a project to improve its sanitary sewage system. As a part of the project it was necessary to acquire land for use as a lagoon and waste water application area.

On February 15, 1977, the city council held a public hearing on the matter of acquiring a tract of land for that purpose. The tract, which was owned by the Langemeier-Wagner Company, consisted of parts of two adjacent sections. The waste water application area consisted of the south 3,000 feet of the east ½ of Section 24, Township 17 North, Range 3, East of the 6th P.M., in Colfax County, Nebraska, and the south 3,000 feet of the west 400 feet of Section 19, Township 17 North, Range 4 East of the 6th P.M., in Colfax County, Nebraska. The lagoon area was a 42.8-acre tract in Section 24 lying north of the waste water application area.

Prior to the hearing the City had obtained an appraisal which valued the land at $1,700 per acre. This appraisal did not consider severance damage. At the hearing it was disclosed that the utilities board favored purchasing the land for $2,000 per acre, the asking price, because the board felt that condemnation might result in a higher cost to the City. The project was to be funded with 87 percent federal and state funds and both the federal government and the state government had approved the purchase of the tract for $2,000 per acre. The council did not accept the recommendation of the utilities board but voted to obtain a second appraisal to be considered at the meeting on March 15, 1977.

On March 9, 1977, the landowners withdrew their offer to sell the land to the City for $2,000 per acre.

The second appraisal estimated the total damages,

including severance damage, at approximately $74 per acre more than the first appraisal. This appraisal was considered by the council at its regular meeting on March 15, 1977, at which all councilmen were present. The council decided to discuss the appraisal with the landowners and announced that a special meeting would be held the following morning.

A notice of a special meeting of the council to be held on March 16, 1977, was posted in three public places at 10 p.m., on March 15, 1977. A written acknowledgment of receipt of advance notice for the meeting and its agenda signed by the mayor and all councilmen is attached to the minutes of this meeting.

The special meeting convened at 10:30 a.m., on March 16, 1977, with all councilmen present. At 10:39 a.m., the council voted to go into executive session with only the landowners, the board of public works, and the utilities superintendent allowed to remain present. At 11:30 a.m., the council reconvened in open session and voted to "recommend to the Board of Public Works" that the board offer the landowners $2,000 per acre for the tract.

On March 17, 1977, the mayor wrote to the landowners enclosing a copy of the minutes of the special meeting of March 16, 1977, and requesting that the landowners consider further negotiations with the board of public works. On March 18, 1977, the landowners replied to the City, submitting what amounted to a counteroffer, and stating that they anticipated "official action" by the city council at the earliest possible time.

A special meeting of the council was held on March 25, 1977. Notice of this meeting was posted in three public places on March 23, 1977, and all councilmen except Pollard signed a written acknowledgment of advance notice of the meeting and its agenda. At this meeting, with all councilmen present except Pollard, the council adopted a resolution

agreeing to purchase the land for $2,000 per acre contingent upon receipt of the City's federal grant.

Another special meeting of the council was held on March 29, 1977, with all councilmen present at the beginning of the meeting. Notice of this meeting was posted in three public places on March 22, 1977, and all councilmen signed a written acknowledgment of advance notice of the meeting and its agenda. At this meeting the council voted to approve the contract for the purchase of the land, one councilman having left the meeting before this matter had been reached. Attached to the minutes of this meeting is the written contract for the purchase of the land dated March 28, 1977.

Apparently the parties concede that all proceedings of the council were regular through the public hearing and meeting of March 15, 1977. If the council had adjourned that meeting until the following day instead of calling a special meeting for March 16, some of the questions concerning the meeting of March 16 could have been avoided.

Section 84-1411, R. R. S. 1943, requires reasonable advance "publicized notice" of the time and place of each meeting by a method designated by the public body and recorded in its minutes. There is an exception for emergency meetings but no effort was made to comply with the requirements applicable to emergency meetings.

The notice of the meeting of March 16, 1977, was given by a notice posted in three public places at 10 p.m., on March 15, 1977. This could hardly be considered to be reasonable advance publicized notice as required by the statute. The record sustains the finding of the trial court that the notice of the meeting of March 16, 1977, was not reasonable advance public notice as required by section 84-1411, R. R. S. 1943.

The trial court found that the executive session held at the special meeting on March 16, 1977, also

violated section 84-1410, R. R. S. 1943. The statute permits a closed session if it is "clearly necessary for the protection of the public interest or for the prevention of needless injury to the reputation of an individual and if such individual has not requested a public meeting." The statute requires that the minutes show "the reason for the closed session."

The minutes of the March 16 meeting do not show the reason for the closed session but it is apparent from the record that the purpose was to negotiate for the purchase of the land. The landowners, the board of public works, and the utilities superintendent were permitted to attend the closed session with the council. The record does not show what happened at the closed session, but after the council reconvened in open session it voted to "recommend to the Board of Public Works that they make an offer of $2,000.00 per acre for the land and damages" to the sellers.

The purpose of the open meeting law is to insure that public policy is formulated at open meetings of the bodies to which the law is applicable. There is nothing in the law that requires negotiations for the purchase of land to be conducted at open meetings, but deliberations of the council as to whether an offer to purchase should be made is action that should be taken at an open meeting. In view of the entire record in this case the violation appears to be more technical than substantive, but the record sustains the finding of the trial court that the closed session violated section 84-1410, R. R. S. 1943.

The trial court found the agenda for the special meetings on March 16 and March 25, 1977, were defective under section 84-1408, R. R. S. 1943. Section 84-1411, R. R. S. 1943, requires that the notice contain an agenda of the subjects known at the time of the notice or a statement that the agenda is available at the principal office of the public body. The purpose of the agenda requirement is to give some notice of

the matter to be considered at the meeting so that persons who are interested will know which matters will be for consideration at the meeting.

The agenda for the March 16 meeting contained this item: "2. Lad (sic) appraisals discussion." The agenda for the March 25 meeting contained this item: "Discussion of terms of land acquisition contract." These items, if considered separately, would not furnish much notice of the matter to be considered by the council. But, if they are viewed in the light of the entire record then it is apparent that few persons would be misled as to the nature of the matter to be considered by the council. The purchase of land for the sewage disposal improvement project had been an item of business for some time at the previous council meetings and the agenda for those meetings had contained an adequate description of the matter to be considered by the council. Although technically deficient, the agenda items alone would not destroy the validity of action taken at the March 16 and March 25 council meetings.

The trial court also found that there had been no compliance with section 17-106, R. R. S. 1943, with respect to the meetings of March 16 and March 25. The finding in regard to the meeting of March 16 was incorrect because all councilmen were present and participated in the meeting without objection. Under these circumstances a defect in the call is immaterial. Magneau v. Fremont, 30 Neb. 843, 47 N. W. 280; Nelson v. City of South Omaha, 84 Neb. 434, 121 N. W. 453.

At the meeting on March 25, councilman Pollard was absent. The absence of a written call specifying the business to be transacted is an additional objection to the validity of the March 25, 1977, meeting.

The important question in this case is what was the effect of the invalid meetings of March 16 and March 25. The trial court enjoined the defendants

permanently "from carrying out any action authorized" at the meetings of March 16, 1977, and March 25, 1977. Carried to its logical conclusion this order would prevent the City from ever purchasing the land. We do not think this was the intent or purpose of the public meeting law.

It is a general principle of law that where a defect occurs in proceedings of a governmental body, ordinarily the defect may be cured by new proceedings commencing at the point where the defect occurred. See 5 McQuillin, Municipal Corporations, § 16.93, p. 299; 56 Am. Jur. 2d, Municipal Corporations, § 508, p. 559, § 510, p. 560; 63 C. J. S., Municipal Corporations, § 1009, p. 597. We think this principle is applicable here.

The effect of the invalidity of the meetings of March 16 and March 25 is the same as if the meetings had never occurred. No action authorized at those meetings could be sustained by reliance upon the proceedings of the council at those meetings. This does not mean the council could not authorize the purchase of the land at a subsequent meeting which complied with all statutory requirements. This is what happened at the meeting of March 29, 1977.

The meeting of March 29, 1977, was a special meeting of the council attended by all members of the council. Notice of the meeting was posted in three public places on March 22, 1977. The agenda stated that an item of business at the meeting would be "approval of contract with Langemeier-Wagner Company requested by EPA." This was a substantial compliance with all statutory requirements concerning notice.

The minutes show that the city attorney read the land contract to the council in open meeting which was followed by a discussion. The council then voted to approve the contract. The fact that one councilman had left the meeting before this item of

business was reached is immaterial. The action of the council at the meeting of March 29, 1977, cured the defects which resulted from the invalidity of the meetings of March 16 and March 25. See 56 Am. Jur. 2d, Municipal Corporations, § 497, p. 548, § 508, p. 559.

The findings of the District Court did not support the judgment which was rendered. The plaintiff was not entitled to injunctive relief. The judgment of the District Court is reversed and the cause remanded with directions to enter a judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.