IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

KOCH V. CITY OF SARGENT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MARK ALLEN KOCH, APPELLANT,

V.

CITY OF SARGENT, NEBRASKA, APPELLEE.

Filed August 29, 2017.    No. A-16-1008.

Appeal from the District Court for Custer County: KARIN L. KNOAKES, Judge. Affirmed.

Mark Allen Koch, pro se.

Glenn A. Clark, Sargent City Attorney, for appellee.

INBODY, PIRTLE, and RIEDMANN, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

Mark Allen Koch, pro se, filed a complaint requesting a writ of mandamus directing the City of Sargent to void a meeting of the city council, to remove an appointed administrator from office, and to require the city council to allow citizens to record the full meetings of the council. He alleged the city council violated the Open Meetings Act, Neb. Rev. Stat. §§ 84-1407 to 84-1414 (Reissue 2014) on October 14, 2013. The district court for Custer County dismissed the first cause of action prior to trial. After trial, the district court sustained the City of Sargent's motion to dismiss the other two causes of action. For the reasons that follow, we affirm.

## II. BACKGROUND

On January 30, 2014, Koch filed a civil action alleging the City of Sargent (the City) violated the Open Meetings Act during a meeting held on October 14, 2013.

On July 30, 2015 the district court ordered Koch to amend his complaint because it did not comply with the Neb. Ct. R. § 6-1503(A) and the Nebraska Court Rules of Pleading in Civil Cases. Koch filed an interlocutory appeal which was dismissed by this court on January 27, 2016. The mandate was filed on February 4, 2016 and judgment on the mandate was entered on the same day.

Koch filed an amended complaint on August 20, 2015 in the form of a writ of mandamus. Koch asserted that the City held a meeting on a federal holiday, thus making the entire meeting void. His second cause of action alleged he was ordered to remove his recording devices while the Sargent City Council went into a closed session, and upon return to an open session he was not given time to set up and restart his recording equipment. His third cause of action alleged the city council added items to the agenda during the meeting, rather than 24 hours prior to the meeting. Koch stated:

> PROPER RELIEF WAS SOUGHT AND THE CITY DID RE-VOTE EACH IN ANOTHER MEETING HOWEVER THE DISCUSSION WAS NOT ALLOWED NOR WAS THE APPOINTMENT OF THE CITY ADMINISTRATOR HEARD PUBLICLY. THE INFORMATION WAS HEARD IN THE EXECUTIVE SESSION AGAINST THE OPEN MEETINGS ACT.

Koch requested a writ of mandamus removing the administrator from office, and voiding the other agenda items until "THE PROPER PROCEDURE IS USED TO HIRE AND PRESENT EACH ITEM IN AN OPEN MEETING SETTING."

He also requested that "ALL THE ATTACHMENTS FROM THE ORIGINAL COMPLAINT REMAIN WITH THE AMENDED COMPLAINT ACCORDING TO NEBRASKA SUPREME COURT RULES OF FILING." He requested that the district court void the meeting of the city council held on October 14, 2013 in its entirety.

On April 11, 2016 the City filed a motion for judgment on the pleadings with regard to Koch's first cause of action. The district court entered partial judgment, dismissing Koch's request for the entire meeting of the city council on October 14, 2013 to be "made void" because it occurred on a federal holiday. The district court ruled that Koch should be allowed to proceed on his second and third causes of action.

Trial was held on September 22. At the close of Koch's evidence, the City moved to dismiss the second and third causes of action, and the district court sustained the motion. Koch filed a motion for new trial on September 26. A hearing on Koch's motion took place on October 20, and his motion was denied. Koch appeals.

### III. ASSIGNMENTS OF ERROR

Consolidated and restated, Koch assigns that the district court erred in: (1) allowing attorneys to appear on behalf of the City when the city attorney for Sargent was unavailable; (2) denying Koch's request for the exhibits filed with his original complaint to "remain" with the amended complaint; (3) sustaining the city's objections to certain exhibits offered at trial; (4) dismissing each of the causes of action in his amended complaint; (5) overruling his motion for the trial judge's recusal; (6) allowing the city attorney, who was also the deputy county attorney,

- 2 -

to represent the City in an action involving alleged violations of the Open Meetings Act; and, (7) sustaining the city attorney's motions for continuances.

In his reply brief, Koch asserted additional assignments of error. However, the purpose of an appellant's reply brief is to respond to the arguments the appellee has advanced against the errors assigned in the appellant's initial brief. *Linscott v. Shasteen*, 288 Neb. 276, 847 N.W.2d 283 (2014). Errors not assigned in an appellant's initial brief are thus waived and may not be asserted for the first time in a reply brief. *Id.*

## IV. STANDARD OF REVIEW

A district court's grant of a motion to dismiss is reviewed de novo. *Tryon v. City of North Platte*, 295 Neb. 706, 890 N.W.2d 784 (2017).

## V. ANALYSIS

Koch's opening brief contained a section labeled "SCOPE OF REVIEW ASSIGNMENTS OF ERROR" which posed 18 questions regarding the scope of a judge's role at trial, rather than asserting instances in which the trial court allegedly erred. His brief contained a separate section labeled "ASSIGNMENTS OF ERROR" which set forth approximately 20 assignments of court error. Koch's "Argument" section addressed only a few of the errors assigned.

To be considered by an appellate court, an error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *City of Lincoln v. County of Lancaster*, 297 Neb. 256, 898 N.W.2d 374 (2017). We will address Koch's opening brief only to the extent that the errors were both specifically assigned and argued in his brief.

### 1. COUNSEL APPEARING IN CITY ATTORNEY'S ABSENCE

Koch asserts the court erred in allowing an attorney who was not hired by the municipality of Sargent to "cover for" the city attorney. In his brief, Koch states:

> I BELIEVE THAT THE SIT IN ATTORNEY **WAS RECRUITED BY THE JUDGE** WHEN THE JUDGE LEFT THE BENCH WHILE ROBED BETWEEN HEARINGS **TO ARGUE THE JUDGE'S OPINION** ABOUT EVIDENCE ATTACHED TO PLEADINGS. THE SIT IN ATTORNEY **DID NOT FOCUS ON ANY SPECIFIC ITEM TO STRIKE, <u>HOWEVER THE JUDGE DID, MADE HER ARGUMENT FROM THE BENCH</u>** *AND RULED ON THE COURT'S OWN MOTION* **THAT WAS NOT EVEN MADE YET BY THE DEFENSE.**

Brief for Appellant at 44.

At the September 24, 2015 hearing, an attorney identified as "Mr. White" entered an appearance on behalf of the city attorney, Glenn Clark, and the City of Sargent. White stated that Clark had a family conflict and was unable to appear. Koch objected to White's appearance because he was not provided notice that Clark would not attend. The court noted that White had entered an appearance on behalf of the City, and the progression conference continued as scheduled.

At the March 10, 2016 hearing, Michael S. Borders appeared in place of the city attorney, on behalf of the City of Sargent. Borders indicated that Clark had the flu and was unable to appear. Borders stated that he appeared for the limited purpose of requesting a continuance. Koch challenged the appearance, stating that "Mr. Clark is the attorney and not anyone else." The court stated that the City was allowed to have "whoever they want to represent them." The court also noted that "Persons and cities and corporations can have more than one attorney representing them."

There is no evidence in the record regarding who hired the attorneys to appear at the hearings, and no evidence that the judge had any part in selecting an attorney to represent the City at the hearings. Both attorneys entered appearances on behalf of the City and there is nothing in the record to indicate that this was improper. The court did not err in allowing the hearings to proceed as scheduled and this argument is without merit.

### 2. ATTACHMENTS TO COMPLAINT

Koch's amended complaint requested that all of the attachments to the original complaint "REMAIN WITH THE AMENDED COMPLAINT ACCORDING TO NEBRASKA SUPREME COURT RULES OF FILING." At the hearing on September 24, 2015, the City asserted that portions of the pleadings were not proper, and indicated there was a plan to file a motion to strike.

The court stated that by attaching the evidence to the pleadings, Koch attempted to mark all of the evidence which should be offered at trial. Therefore, the court overruled Koch's request to accept all of the attachments to the original complaint. The court stated the rules of pleading do not allow "anything you want" to be attached to the complaint, and informed Koch that he could offer the appropriate evidence at trial instead.

On appeal, Koch asserts the judge ruled, on its own motion, to strike the attachments to his original pleading. He asserts that in a separate case he brought against the Custer County Treasurer and the County of Custer, the city attorney attached documents to a motion he had filed. Thus, Koch suggests that he was treated unfairly.

Koch cites only to Neb. Ct. R. §6-1503, which governs pleadings in district court. While it is true that the rule allows certain documents to be attached to pleadings, attachments are limited to documents that are designated and referred to in a petition. See *Horton v. Ford Life Ins. Co.*, 246 Neb. 171, 518 N.W.2d 88 (1994)(Exhibits attached to a petition in a case, and being a part of the files therein, which are designated and referred to in an amended petition as exhibits attached thereto, and by reference made a part of the pleading, will be treated as such, in the absence of a motion directed to the same, in determining whether such amended pleading states a cause of action, even though not physically attached to such amended petition). The majority of the documents Koch attached to the original complaint were neither designated nor referred to in the amended complaint.

Further, simply attaching the exhibits to the pleading would not make them a part of the evidentiary record. See *Graves v. Scoville*, 17 Neb. 593, 24 N.W.2d 222 (1885). Unless an exhibit is marked, offered, and accepted, it does not become part of the record and cannot be considered as evidence in the case. *Zannini v. Ameritrade Holding Corp.*, 266 Neb. 492, 667 N.W.2d 222 (2003). The court did not err in advising Koch to offer the attachments as evidence at trial. The

- 4 -

record shows the court did not "rule on its own motion," it was simply responding to the request Koch made in his amended complaint. This argument it without merit.

### 3. EVIDENCE OBJECTIONS

### (a) Affidavit

Koch asserts the district court erred in sustaining the City's objections to his affidavit. Koch's affidavit was designated as evidence in the exhibit list he filed on March 9, 2016 and it was filed in the district court in July 2016. (T97-98) The City filed an objection to Koch's exhibit list, stating:

> Defendant objects for the reasons that said affidavit is hearsay, not subject to cross examination. The best evidence is the live testimony of the plaintiff while under oath on the witness stand at trial. The subject matter is not relevant.

At the hearing on July 28, 2016, the court advised Koch that the City had filed an objection to the affidavit which would be taken up at trial. The court stated "I'll advise you, Mr. Koch, that at trial if the opposing party objects, affidavits are not allowed. You have to have live testimony from witnesses so that they are subject to cross examination, okay?" Koch indicated that he understood.

When Koch's affidavit was presented at trial, the city objected to it, stating that the document was self-serving and not the best evidence. The objection was sustained and the exhibit was not received. Koch was present at the hearing before the district court. He was given notice that the affidavit would be challenged and he was given the opportunity to testify at trial regarding all of the information in his affidavit. After his narrative testimony he was subject to cross-examination by the City. The court did not err in sustaining the City's objection to the affidavit.

### (b) Video Recordings

Koch asserts the district court erred in rejecting exhibits 1 and 2 which are purportedly video recordings Koch made of the October 14, 2013 city council meeting.

Koch offered exhibits 1 and 2 at the start of trial on September 22, 2016. The City objected and argued that Koch did not identify the exhibits or provide foundation and had not explained the relevance of the DVDs. Koch argued that he provided the City with copies of the exhibits, and they were given ample time to review them. However, he made no attempt to offer any explanation at all which would establish foundation for either exhibit. The City's motion was sustained and Koch did not provide any further information regarding Exhibits 1 and 2 at that time.

After Koch entered other exhibits he stated that he had no further evidence to offer, and the City moved to dismiss. Koch argued against the motion and offered Exhibits 1 and 2 again. The City made foundation and relevance objections, and the exhibits were not received. Koch made no attempt to explain the content, origin, or relevance of the DVD exhibits.

A pro se litigant will receive the same consideration as if he or she had been represented by an attorney, and, concurrently, that litigant is held to the same standards as one who is represented by counsel. *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015). Upon our

review of the record, it is apparent that the trial judge was patient with Koch and gave him wide latitude during the trial of this matter. We find no evidence that Koch presented any foundation for the proffered exhibits, therefore we find the district court properly sustained the City's objections.

### 4. DISMISSAL OF KOCH'S CAUSES OF ACTION

Koch argues that the district court erred in dismissing each of his causes of action. A motion to dismiss in a nonjury trial is equivalent to a motion for a directed verdict in a jury trial. *R.J. Miller, Inc. v. Harrington*, 260 Neb. 471, 618 N.W.2d 460 (2000). When considering a motion to dismiss in a nonjury trial, a court must resolve every controverted fact in the nonmoving party's favor and give that party the benefit of every reasonable inference to be drawn therefrom. *Id.*

#### (a) First Cause of Action

Koch asserts the October 14, 2013 meeting of the Sargent City Council was erroneously held on a federal holiday, Columbus Day. There are no prohibitions in the open meetings act against holding a meeting on a holiday.

Neb. Rev. Stat. § 25-2221 permits courts to close on Saturdays, Sundays, and certain holidays, but closure is not mandatory. There are no statutes or laws directing other entities, such as city councils, to close on certain holidays. There is no evidence of any restriction barring the city council from meeting on Columbus Day. We find the district court did not err in dismissing Koch's first cause of action.

#### (b) Second Cause of Action

In his amended complaint, Koch sought "A WRIT OF MANDAMUS ORDERING THE MAYOR AND THE CITY COUNCIL OF SARGENT, NEBRASKA TO ALLOW THE PLAINTIFF THE RIGHT TO RECORD THE FULL MEETING." Koch requested that the "COURT HOLD RESPONSIBLE ALL WHO VIOLATED THE OPEN MEETINGS ACT TO THE FULL EXTENT OF THE LAW" Koch asserted that he should have been allowed to record the full meeting of the Sargent City Council, and the court erred in dismissing his second cause of action. He alleges several violations of the Open Meetings Act involving the right to record open meetings.

Mandamus is a law action. It is an extraordinary remedy and not a writ of right; a grant or denial of mandamus is within the trial court's judicial discretion. *State ex rel. Fick v. Miller*, 255 Neb. 387, 584 N.W.2d 809 (1998). In a mandamus action, the relator has the burden of proof and must show clearly and conclusively that it is entitled to the particular thing the relator asks and that the respondent is legally obligated to act. *Id.*

##### (i) Mayor's Request to Remove Audiovisual Equipment

Koch testified that he brought audiovisual equipment to the October 13, 2014 city council session which he planned to use to record the proceedings. He placed a small recording device on the council table. Koch testified that approximately ten minutes into the meeting the Mayor asked Koch to remove the device from the table or turn it off.

The record shows that Koch wrote to the Attorney General, who investigated Koch's claims regarding the Open Meetings Act. Koch was notified in a letter from the Office of the Attorney General that the request to move recording equipment from the city council's table to Koch's own table is not a violation of the act. Neb. Rev. Stat. § 84-1412 states that "It shall not be a violation of subsection (1) of this section for any public body to make and enforce reasonable rules and regulations regarding the conduct of persons attending, speaking at, videotaping, televising, photographing, broadcasting, or recording its meetings."

On appeal, he argues only that the Mayor should be charged with a crime for violating the Open Meetings Act. It is not within the court's purview to charge individuals with crimes. Therefore, this assignment of error is without merit.

### (ii) City Did Not Allow Time to Set up Recording Equipment

At the same meeting, the city council held a closed session, and Koch was asked to remove the recording equipment when he left the room. Koch argues that when the city council resumed an open session, he was not allowed time to reset the equipment he brought to record the session. He argues that this does not comply with the Nebraska Open Meetings Act, Neb. Rev. Stat. § 84-1412. Thus, he asserts the court erred in dismissing his second cause of action.

Koch testified that he returned to the meeting with three recording devices, and it would take up to five minutes for all of them to be fully operational. On cross-examination he stated that he had a small recorder which could have started recording at the push of a button. However, he stated that he has the right to video record the meetings and he chose to set up the video equipment first.

The letter Koch received from the Office of the Attorney General in response to his complaint also addressed this issue. The letter stated that "The Open Meetings Act does not require the City Council to wait for you to have your recording equipment ready before it conducts its business. There is no violation of the Open Meetings Act related to this portion of your complaint." Koch cites no law or regulation that requires any government body to suspend its proceedings so that an individual can "set up" to record a meeting. Koch did not meet the burden of proof showing that the City was legally obligated to act, therefore the district court did not err in sustaining the City's motion to dismiss this portion of his second cause of action.

### (iii) Executive Sessions

Koch argues the City regularly uses closed executive sessions to conduct public business under the guise of "discussing employees." He argues that "anyone who remains in an executive session discussing anything other than that stated is guilty of a crime."

Neb. Rev. Stat. § 84-1414 sets forth the consequences for individuals who violate or conspire to violate the Open Meetings Act. However, it is not the purview of this court, or of the district court, to investigate crimes or charge individuals with criminal violations. This matter is not properly before this court.

### (iv) Conclusion

An action for a writ of mandamus is a law action, and in an appellate review of a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside unless clearly erroneous. *Steckelberg v. Nebraska State Patrol, supra.* Upon our review of the record, we find Koch did not prove that the City was legally obligated to act, therefore he did not meet his burden of proof for a writ of mandamus. We find the district court did not err in dismissing Koch's second cause of action.

### (c) Third Cause of Action

### (i) City Council Corrected Violations

Koch attended a Sargent City Council meeting on October 14, 2013. Several items taken up at that meeting were not properly added to the meeting agenda. Koch filed a complaint with the Nebraska Attorney General, and he received a response, dated June 17, 2014. The Attorney General concluded that "items of a non-emergency nature were discussed and voted upon without appearing on the agenda." It was suggested that the proceedings "could be void or voidable if a suit were to be brought in the District Court." However, the letter noted that the city council could correct the violations by "retaking these votes, during a properly convened Open Meeting."

On appeal, Koch argues that the city council violated the Open Meetings Act by voting on items that were not properly or timely placed the October 14 agenda. Koch's complaint concedes that the City placed each of those items on the agenda at a subsequent meeting and voted again. However, he argues that voting again on the agenda items did not cure the problem, "it only masked the issue of failure of the discussion in executive session to fulfill the requirement of the statute." He argues that reaching a decision in an executive session and "rubber stamping" the vote is against the law.

In *Pokorny v. City of Schuyler*, 202 Neb. 334, 275 N.W.2d 281 (1979), the Nebraska Supreme Court ruled "it is a general principle of law that where a defect occurs in proceedings of a governmental body, ordinarily the defect may be cured by new proceedings commencing at the point where the defect occurred." *Id* at 341, 275 N.W.2d at 285. The city council was given the opportunity to correct the violations, and by Koch's admission, it did so. We find the district court did not err in dismissing this portion of Koch's third cause of action.

### (ii) Appointment of City Administrator

Koch argues the City of Sargent used a "shotgun approach" in hiring a new city administrator without posting the position and by making the appointment during an "illegal executive session." We infer from his argument that he asserts the district court erred in dismissing his third cause of action alleging multiple violations of the Open Meetings Act.

As a general proposition, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017). There is no evidence in the record that the appointment of the City Administrator was done in a closed session. Further the Open Meetings Act provides guidelines for when a public

body may hold a closed session and when a closed session may be appropriate. Neb. Rev. Stat. § 84-1410(1) states, in part, "Nothing in this section shall permit a closed meeting for discussion of the appointment or election of a new member to any public body."

As noted in the letter Koch received from the Office of the Attorney General, "as the City Administrator is not a member of the City Council, if the closed session was called in order to appoint a new City Administrator, it would not violate this provision of the Open Meetings Act."

Upon our review, we find Koch did not meet the burden of proof showing that the City was legally obligated to act. We find the court did not err in dismissing Koch's third cause of action requesting a writ of mandamus directing the City to remove the city administrator from office.

### 5. MOTION FOR RECUSAL

At the hearing on his motion for new trial, Koch stated that he was required to make a phone call to the district court in order to schedule a hearing and he "ended up" speaking directly to the judge. He requested that the judge recuse herself "of all the cases of the plaintiff." The judge acknowledged that the phone call occurred and stated that the substance of the phone call did not relate to the merits of this case. She determined there was no reason that she should be disqualified and she overruled his motion.

Koch asserts the district judge erred by not recusing herself. A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *State v. Buttercase*, 296 Neb. 304, 893 N.W.2d 430 (2017). Koch did not assert or demonstrate any bias or prejudice that would warrant the judge's withdrawal from the case, and there was no complaint from the City about the extrajudicial contact. This assignment of error is without merit.

### 6. CONFLICT OF INTEREST

Koch argues that it was a conflict of interest for the county attorney to represent the City of Sargent in an action involving an alleged violation of the Open Meetings Act, when the county attorney is responsible for the enforcement of the Act.

As previously discussed, the city council failed to place certain items on the October 14, 2013 agenda in a timely fashion and voted on those items. The errors were brought to the attention of the City and the errors were corrected at a subsequent meeting. In this appeal, Koch argues that the court should discharge city employees and prosecute everyone involved for violations of the Nebraska Open Meetings Act. He complained to the Attorney General, and there is no evidence that any action was taken against any city employees as a result.

Although it is not reflected in our record, Clark states in the appellee's brief that he holds the position of city attorney as well as the position of Deputy County Attorney. Had the Attorney General requested that the county attorney proceed with charges against the city employees, then a potential conflict would arise. However, there is no evidence that the Attorney General has opted to pursue any of the alleged Open Meetings Act violations. Thus, there is no conflict of interest in allowing the city attorney to represent the City in this matter.

## 7. CONTINUANCE

Koch argues the court erred in sustaining the City of Sargent's motions to continue this matter. A motion for continuance is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Breci v. St. Paul Mercury Ins. Co.*, 288 Neb. 626, 849 N.W.2d 523 (2014). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Weiss v. Weiss*, 260 Neb. 1015, 620 N.W.2d 744 (2001).

Koch asserts that "THE JUDGE DID ERR IN ALLOWING TWICE THE DEFENSE ATTORNEY TO NOT APPEAR GIVING CONTINUANCES WITHOUT THE PROPER MOTION AND AFFIDAVIT." In support of his assignment of error, Koch argues he was not allowed continuances in separate cases, specifically CI 14-17 in the district court for Valley County, and to allow the city attorney to continue the matter was ***"total prejudice and a lack of allowance of due process for a pro se litigant and respecting the person of a lawyer."*** First, we note that motions for continuance in other, unrelated cases are not relevant to the current case.

As previously discussed, Clark did not appear at the September 24, 2015 hearing on behalf of the City. However, White entered an appearance and the hearing took place, as scheduled. On March 10, 2016, Borders appeared on behalf of the City for the limited purpose of requesting a continuance because Clark was ill. The court sustained Borders' motion to continue the Pretrial Conference.

The record for this case shows that the city attorney sought, and was granted, one continuance for a personal illness. Similarly, the record shows that Koch sought, and was granted, continuances for his personal health issues in April and May 2016. We find the district court did not abuse its discretion in allowing continuances for both parties throughout this case. This assignment of error is without merit.

## VI. CONCLUSION

The district court dismissed each of Koch's causes of action and, for the foregoing reasons, we affirm the decision of the district court. Koch asserted numerous criminal and procedural violations which are not within the purview of this court. In addition, Koch's errors which were not specifically assigned and specifically argued were not addressed. We find Koch's remaining assignments of error are without merit.

AFFIRMED.