STATE OF NEBRASKA EX REL. SCHOOL DISTRICT OF SCOTTSBLUFF, IN COUNTY OF SCOTTS BLUFF, STATE OF NEBRASKA, ET AL., APPELLEES, V. P. COOPER ELLIS, COUNTY TREASURER OF SCOTTS BLUFF COUNTY, STATE OF NEBRASKA, APPELLANT.
95 N. W. 2d 538

Filed March 13, 1959. No. 34486.

*Townsend & Youmans,* for appellant.

*Russell E. Lovell, Donn C. Raymond,* and *Loren G. Olsson,* for appellees.

*Clarence S. Beck,* Attorney General, and *Homer G. Hamilton,* amicus curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action at law by the plaintiffs to recover from the defendant county treasurer certain money alleged to be due them because of his failure to distribute motor vehicle tax proceeds as the law requires. The trial court found for the plaintiffs and entered judgment in behalf of each against the defendant for the amounts found to be due. The defendant appeals.

The plaintiffs are the School District of Scottsbluff,

the Junior College District of Scottsbluff, and the City of Scottsbluff. The defendant is the county treasurer of Scotts Bluff County, Nebraska, and as such is the collector of all taxes levied on tangible personal property, including motor vehicles, within the county. No questions are raised on the appeal as to the joinder of parties, or the capacity of the parties to sue or be sued, as they were in the present action. We do not consider or determine any such questions.

The facts are admitted by the pleadings and stipulations made at a pre-trial conference. The defendant paid the sum of $14,555.50 into court for distribution in accordance with the final determination of the issues. Such amount was withheld from distribution by the defendant in such sum as would permit full compliance in the distribution of motor vehicle taxes to the plaintiffs for the period covered in the litigation whether the formula of the plaintiffs or that of the defendant was found to be the correct one by the court. The want of any dispute on the facts leaves only one question of law for determination by this court.

In 1952 Article VIII, section 1, of the Nebraska Constitution was amended to read as follows: "The necessary revenue of the state and its governmental subdivisions shall be raised by taxation in such manner as the Legislature may direct. Taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises, except that the Legislature may provide for a different method of taxing motor vehicles; Provided, that such tax proceeds from motor vehicles taxed in each county shall be allocated to the state, counties, townships, cities, villages, and school districts of such county in the same proportion that the levy of each bears to the total levy of said county on personal tangible property. Taxes uniform as to class may be levied by valuation upon all other property. Taxes, other than property taxes, may be authorized by law. Existing revenue laws shall con-

tinue in effect until changed by the Legislature."

In 1953 the Legislature enacted section 77-1240.01, R. S. Supp., 1955, which provides: "Beginning January 1, 1954, in addition to the registration fees provided by Chapter 60, article 3, a motor vehicle tax is hereby imposed on motor vehicles registered for operation upon the highways of this state, except such motor vehicles as are exempt from taxation by section 77-202, which motor vehicle tax shall be in lieu of all ad valorem taxes to which such motor vehicles would otherwise be subject. Such motor vehicle tax shall be computed annually on the value of the motor vehicle as certified to the county assessor by the Board of Equalization and Assessment at a rate equal to the ad valorem rate for all purposes for the preceding year in the several taxing units of the state in which the motor vehicle is located and such motor vehicle tax as thus computed shall be collected annually by the county treasurer at the time of application for and before registration of the motor vehicle each year. The proceeds from such motor vehicle tax in each county shall be allocated to each taxing unit levying taxes on tangible personal property in the county in which the motor vehicle is located, in the same proportion that the levy on tangible personal property of such taxing unit bears to the total levy on tangible personal property of all the taxing units in which the motor vehicle is located."

It is the contention of the defendant that the constitutional provision cited, as it related to the apportionment and distribution of motor vehicle taxes, is a self-executing provision and, it being the highest law of the state, the method of distribution contained within its provisions must be followed. Collateral to this contention, the defendant asserts that the distribution provision contained in section 77-1240.01, R. S. Supp., 1955, is in conflict with Article VIII, section 1, of the Constitution, and therefore void. Plaintiffs assert that the distribution of motor vehicle taxes in all the counties

of the state have been made in accordance with section 77-1240.01, R. S. Supp., 1955, since the enactment of that statute in 1953, that the statute is not in conflict with the constitutional provision and, consequently, it is valid and sets forth the formula to be followed in distributing the proceeds of motor vehicle taxes.

It is the fundamental law of this state that the Legislature is vested with the taxing power without limit, subject only to restrictions contained in the Constitution. It is axiomatic therefore that the provisions of the Constitution in relation to taxation are not grants of power but are limitations on the taxing power of the state lodged in the Legislature. State ex rel. Atchison & N. R. R. v. Lancaster County, 4 Neb. 537, 19 Am. R. 641; State v Cheyenne County, 127 Neb. 619, 256 N. W. 67. It is just as fundamental that the power to tax and the power to provide for the disposition of taxes raised are identical and inseparable, and the Legislature is clothed with full power and control over the disposition of revenues derived from taxation, including those raised by political subdivisions of the state under authority of the state, subject only to constitutional restrictions. 85 C. J. S., Taxation, § 1057, p. 644.

The method of distribution of the revenues derived from motor vehicle taxes contained in section 77-1240.01, R. S. Supp., 1955, appears plain and unambiguous. The plain meaning of the statute is that such revenues shall be allocated to the taxing units levying taxes on tangible personal property in which the motor vehicle had a tax situs, in the same proportion that the mill levy on tangible personal property of each such taxing unit bears to the total mill levy on tangible units in which the motor vehicle was located. No difficulty exists in apportioning motor vehicle tax revenues by the formula provided by this provision of the statute.

The defendant asserts, however, that the statutory provision is in conflict with the formula set out in Article VIII, section 1, of the Constitution, which states:

"Provided, that such tax proceeds from motor vehicles taxed in each county shall be allocated to the state, counties, townships, cities, villages, and school districts of such county in the same proportion that the levy of each bears to the total levy of said county on personal tangible property."

The provision does not appear as clear to us as the defendant seems to regard it. Its meaning is dependent upon the ordinary meaning that should be given to the language used. In considering its meaning it is proper to consider the evil and mischief attempted to be remedied, the objects sought to be accomplished, and the scope of the remedy its terms imply, and to give it such an interpretation as appears best calculated to effectuate the design of the Constitution. State ex rel. State Railway Commission v. Ramsey, 151 Neb. 333, 37 N. W. 2d 502; E. K. Buck Retail Stores v. Harkert, 157 Neb. 867, 62 N. W. 2d 288, 45 A. L. R. 2d 774. It should also be construed when the meaning is not clear to conform with fundamental principles of taxation in the levy and collection of taxes and in the apportionment and distribution thereof unless a contrary intent is indicated by its terms. The fundamental principle that the powers of the Legislature on matters of taxation are plenary except where clearly restricted by the Constitution, must also be considered. The powers of the Legislature on matters of taxation cannot be limited by implication or interpretation, and the restriction upon the legislative power must be clear and unequivocal. The construction given the constitutional provision by the Legislature and by administrative officers since its enactment must likewise be given the effect to which it is entitled.

Before rules of construction become available it must be demonstrated that the constitutional provision is not clear as to its meaning and that the intent of the people in adopting the provision can be determined only by construction. In this respect we point out that

all levies of taxes within a county are made by the county. The levy of taxes for school districts, townships, cities, and villages are levied by the county to raise the revenue required by these political subdivisions. The provision "in the same proportion that the levy of each bears to the total levy of said county on personal tangible property" could well mean in the same proportion that the levy of each bears to the total levy of said county on personal tangible property in the taxing units where the motor vehicle is located for tax purposes. We shall hereafter demonstrate the reasons for stating that the provision of the Constitution should be given the latter meaning.

The defendant's interpretation of the constitutional provision would require us to say in effect that the levy of a motor vehicle tax was for a county-wide purpose. The allocation of the proceeds of the motor vehicle tax proportionately to the state, counties, townships, cities, villages, and school districts is conclusive that a part of the proceeds were for a county-wide purpose and a part were not. Such a construction would violate the sound principle of taxation which prescribes that the benefits of taxation should be directly received by those directly concerned in bearing the burdens of taxation, so that a Legislature cannot divert taxes raised by one taxing district to the sole use and benefit of another district. Peterson v. Hancock, 155 Neb. 801, 54 N. W. 2d 85; State ex rel. School Dist. v. Ellis, 160 Neb. 400, 70 N. W. 2d 320. It must be conceded that such a result could be accomplished by a clear provision of the Constitution so requiring, but in construing a provision not clear as to its meaning, a court should adopt the meaning that would not do violence to established principles unless a contrary intent is indicated.

The announced purpose of the legislation providing for the submission of the constitutional amendment to the people was not to change existing allocations of

motor vehicle taxes but to provide a different method of taxing them. Motor vehicles had previously been taxed as personal property the same as other tangible personal property was taxed, the taxing units where the motor vehicle was located getting the sole benefit of the revenue therefrom. We interpret the words "the total levy of said county on personal tangible property" contained in the constitutional provision to mean the total levy made by the county for all political subdivisions in which a motor vehicle has its taxable situs. We find nothing to indicate an intention to depart from such a distribution. In addition to that the officers of all 93 counties of the state have so construed the provision. No one disagreed with this interpretation until the defendant in this case raised the issue. The Legislature by enacting section 77-1240.01, R. S. Supp., 1955, confirmed the generally accepted meaning of the constitutional provision and clarified its meaning by legislative action in a manner not inconsistent with the Constitution and in accord with the fundamental rules of taxation.

We conclude that the intent of the provision in Article VIII, section 1, of the Constitution relating to the allocation and distribution of the proceeds derived from the taxation of motor vehicles is ambiguous and unclear, and therefore subject to construction. Section 77-1240.01, R. S. Supp., 1955, is not in violation of any clear restriction upon the plenary power of the Legislature relating to taxation. Such section is consistent with the fundamental rules relating to the levy of taxes and the allocation and distribution of the revenues derived therefrom. Its effect is to make definite that which is implicit in the constitutional provision. The legislative act, and the allocation and distribution of the revenues derived from the taxation of motor vehicles under it, is consistent with the interpretation placed upon the constitutional provision by the administrative officers of the state and its political subdivisions since the adoption of the con-

stitutional amendments in 1952 and 1954. For these reasons we sustain the holding of the trial court that the proceeds from the taxation of motor vehicles in Scotts Bluff County, Nebraska, during the period of January 1, 1957, to October 31, 1957, both inclusive, shall be allocated to the taxing units levying taxes on tangible personal property in which the motor vehicle had a tax situs, in the same proportion that the mill levy on tangible personal property of each of such taxing units bears to the total mill levy on tangible personal property of all the taxing units in which the motor vehicle was located. The trial court entered judgments for the plaintiffs and against the defendant in accordance with this interpretation of Article VIII, section 1, of the Constitution and the provisions of section 77-1240.01, R. S. Supp., 1955. The trial court was correct in so doing. The judgments entered on each of the three causes of action are affirmed.

AFFIRMED.