REQUESTED BY: E. Mickey Stewart, Director, and William F. Abell, Legal Counsel, Nebraska Department of Agriculture.
Does the Nebraska Constitution prohibit the expenditure of funds generated by excise taxes, such as those collected under the Nebraska Wheat Resources Act, for the purpose of influencing legislation?
The Constitution does not directly prohibit such an expenditure, but such revenues derived from taxation are public funds and must be directed toward a public purpose.
In your letter of March 24, 1980, you directed our attention to an opinion we prepared for Senator Walter George with regard to LB 756 (Opinion No. 251, March 14, 1980). In that opinion, we noted that the Wheat Division of your office was not specifically precluded by statute from expending monies generated from excise taxes to influence legislation. We noted that while most of the legislative programs providing for the imposition of excise taxes on certain commodities, such as the Nebraska Soybean Resources Act, Neb.Rev.Stat. §§ 2-3301, et seq. (Reissue 1977), forbade the expenditure of such revenue to influence legislation, the Legislature did not specifically prohibit the Nebraska Wheat Development, Utilization, and Marketing Committee from expending monies to influence legislation under the provisions of the Nebraska Wheat Resources Act, Neb.Rev.Stat. §§ 2-2301, et seq. (Reissue 1977). You have now asked whether our state constitution would prohibit such expenditures.
You have also requested the same constitutional analysis under the provisions of the Nebraska Soybean Resources Act, apparently because the check-off fees or excise taxes collected under this act are refundable, while the wheat excise taxes are not. At the outset, we would note that our opinion with regard to the constitutional issue would be the same whether or not the fees or excise taxes could be refunded to the taxpayer. The important consideration here is that these monies are collected from certain farmers or taxpayers under the Legislature's power to tax and, consequently, are public monies. As our supreme court noted inState ex rel. School District of Scottsbluff v. Ellis,168 Neb. 166, 170, 95 N.W.2d 538 (1959):
 ". . . It is . . . fundamental that the power to tax and the power to provide for the disposition of taxes raised are identical and inseparable, and the Legislature is clothed with full power and control over the disposition of revenues derived from taxation, including those raised by political subdivisions of the state under authority of the state, subject only to constitutional restrictions. 85 C.J.S., Taxation, § 1057, p. 644."
Turning now to the constitutional question presented, we would first note that there is no specific provision in the Nebraska Constitution dealing with the question of whether it is proper to expend public revenue for the purpose of influencing legislation. Consequently, we believe the question presented must be analyzed from the perspective of whether or not the expenditure of public monies to influence legislation would constitute a public purpose. As our supreme court has recognized, the use of public funds must be directed toward a public, as opposed to a private use.Chase v. County of Douglas, 195 Neb. 838, 241 N.W.2d 334
(1976). In this area, it is difficult to define any specific formula for determining what is or is not a public purpose.
 ". . . ``No hard and fast rule can be laid down, for in determining whether a proposed expenditure of public funds is valid as devoted to a `public use or purpose' each case must be decided with reference to the object sought to be accomplished and to the degree and manner in which that object affects the public welfare.''" Id.
at 847.
It is equally difficult to determine what types of attempts to influence legislation might constitute a private, as opposed to a public purpose. For example, if a member of the Wheat Division, who is paid with public funds, testified before the Legislature in support of a bill which would promote the wheat industry in our state, a public purpose would appear to be present. On the other hand, the expenditure of excise taxes funds under the Nebraska Wheat Resources Act to hire a lobbyist may present a closer case, depending, for instance, on how the lobbyist's duties are defined.
As the court noted in Chase v. Douglas County, supra,
it is for the Legislature in the first instance to decide what is or is not a public purpose. And the problem with regard to the Nebraska Wheat Resources Act is that the legislation is silent on the question of whether or not monies can be expended for influencing legislation.
So there is no misunderstanding of our earlier opinion, we would emphasize that our conclusion that the legislation does not preclude the use of funds to influence legislation should not be construed as any authorization, legislative or otherwise, to make expenditures for this purpose. At best, it can be said that this is a `gray area,' where each proposal should be analyzed on a case-by-case basis.