REQUESTED BY: Fred A. Harrington, State Tax Commissioner.
Is the amendment of Neb.Rev.Stat. § 77-1241.09 (Supp. 1979) by section 1 of LB 689, changing the method of which the county treasurer distributes the Motor Vehicle Tax Fund, constitutionally valid?
Yes.
Neb.Rev.Stat. § 77-1241.09 (Supp. 1979) provides for the payment of certain taxes and fees to the Motor Vehicle Tax Fund.
It also provides for the distribution of that fund to the counties in proportion to each county's motor vehicle registrations in the proceeding year. Section 1 of LB 689 amended subsection 3 of this statute to read as follows:
 "Upon receipt of motor vehicle tax funds from the State Treasurer, the county treasurer shall distribute such funds to taxing agencies within the county in the same proportion that the levy of each such taxing agency bears to the total of such levies of all taxing agencies in the county."
The question which arises upon application of this statute is the meaning to be given to the term `levy' as used therein. If the term `levy' is interpreted to mean mill levy of each taxing agency as it relates to the total mill levy of the county, the result would be a disproportionate distribution in favor of taxing agencies which overlap into other counties as opposed to those solely within a county. This would be an unreasonable and unconstitutional result. If, however, the word `levy' as used in the distribution formula is interpreted to mean the total amount of taxes to be levied or collected, the distribution of funds will be reasonable and equitable for all taxing agencies.
The word `levy' is often used in Nebraska interchangeably with the term `mill levy'. An example of this can be seen in State ex rel. School District of Scottsbluff v.Ellis, 168 Neb. 166, 174, 95 N.W.2d 538 (1959), in which the court used the term `mill levy' interchangeably with the word `levy' as contained in the statutory provision under discussion. There is, however, no hard and fast judicial ruling in Nebraska that the word `levy' shall always be interpreted as `mill levy'. Likewise, there is no specific definition of the term `levy' contained in Nebraska statutes. The term `mill levy' has no other possible meaning than the rate of tax to be imposed.
Black's Law Dictionary defines the word `levy' to mean `the legislative function and declaration of the subject and rate or amount of taxation.' The use of the word `levy' in Nebraska statutes appears to be imprecise in its exact meaning, and may in many cases be used or construed to mean either the rate of tax, i.e. mill levy, or the amount of taxes to be levied and collected. In most cases there will be no appreciable difference in the results obtained regardless of which meaning is applied since the amount of taxes levied are a direct result or function of the mill levy rate.
One older Nebraska case does quote the meaning of the term `levy' as being the amount of taxes to be collected. In State v. Brian, 84 Neb. 30, 120 N.W. 916 (1909), the court stated that:
 "The Century dictionary defines `proceeds' as `the amount proceeding or accruing from some possession or transaction.' Webster defines it as `yield, issue, product.' Levy is defined by the Century as `the amount accruing from a tax or an execution.' To appropriate `the one mill levy' would seem, under these definitions, to be the same as to appropriate `the proceeds of the one mill levy,' and we think the expressions have no different force or effect."
Id. at 34. The court here apparently considered the definition of the word `levy' to mean the amount of taxes to be collected, but it is plain that in their opinion the end result would have been the same whether the term meant taxes to be collected or the mill levy to be applied. Additionally, we would note the case of In re Monsell,142 Okla. 130, 285 P. 836 (1930), in which the court held that the term levy for purposes of statutory interpretation meant the amount produced by a tax levy.
It appears then that the term `levy' is susceptible of meaning either the amount of taxes to be collected or the rate of taxation, i.e. mill levy. It has been suggested that under the prior statute which LB 689 modified, the term `levy' was normally construed to mean mill levy by taxing officials. Under the distribution formula contained in that statute, however, it made no difference which interpretation of the term `levy' was used since the proportions of the distribution would have been the same.
A fundamental principle of statutory construction is to ascertain the legislative intent and give effect to it, if it is a lawful one. Schultz v. School District ofDorchester, 192 Neb. 492, 222 N.W.2d 578 (1974). In construing a legislative act, resort may be had to the history of its passage. School District of Omaha, Douglas Countyv. State Board of Education, 187 Neb. 76, 187 N.W.2d 592
(1971). In this regard it should be noted, that Senator Murphy, the proponent of the amendment containing the language here in question, referred to the proposed distribution of these funds as `based on the comparative tax budgets of the subdivisions', Legislative History, March 24, 1980, LB 689, page 8868, and additionally compared it to the distribution formula for the Local Government Revenue Fund, which formula is based on total taxes levied. The indications from this are clear that the intention was to base the distribution formula on the amount of taxes levied as opposed to the comparative mill levies.
It is of course a fundamental principle of statutory construction that where a statute is fairly susceptible of two constructions, one of which will give effect to the act and one of which will defeat it, the former construction is to be preferred. 73 Am.Jur.2d Statutes, § 249. That of course is precisely the situation here, and the word `levy' as used in this statute should be interpreted to mean the total amount of taxes levied in order to give the statute a reasonable and constitutionally valid construction.
While section 1 of LB 689 is perhaps somewhat poorly drafted because of two possible different interpretations based on the use of the imprecise term `levy', the statute can be construed so as to obtain a valid, reasonable and constitutional result. The word `levy', as used in this statute, may be interpreted to mean the total amount of taxes to be levied or collected, and the legislative history of the passage of this provision would support that construction. Since this construction results in giving effect to the act, it should be adopted and in this sense the amendment of Neb.Rev.Stat. § 77-1241.09 (Supp. 1979) by section 1 of LB 689 is constitutionally valid.