REQUESTED BY: Senator Tom Vickers Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Vickers:
In your letter regarding LB 953 you ask if the lack of a provision in the bill which would prohibit the use of beef check-off funds for the purpose of influencing legislation would deprive cattlemen of their freedom of expression and/or speech contrary to the state or federal constitutions.
At the outset we note that in previous years the Legislature has created the Soybean Development, Ag Products Marketing, and the Grain Sorghum Resources Acts, and that subparagraphs 10 of sections 2-3311, 2-3622, and 2-4011, respectively, contain a proviso that prohibits all funds collected from being used to influence legislation. LB 953, a Beef Industry Development Act, is patterned after the three Acts referred to above except that LB 953 is silent with regard to the use of funds for the purpose of influencing legislation, leaving the possible interpretation that the fees collected by the Beef Board could be used for lobbying purposes.
In past inquiries concerning the use of such funds for lobbying purposes we have pointed out that fees such as those which would be collected by the Beef Board are collected under the Legislature's power to tax and, consequently, are public monies.
With regard to the use of such monies as would be raised by the provisions of LB 953, our Supreme Court noted in State ex rel. School District of Scottsbluff v. Ellis,168 Neb. 166, 95 N.W.2d 538 (1959):
 It is . . . fundamental that the power to tax and the power to provide for the disposition of taxes raised are identical and inseparable, and the Legislature is clothed with full power and control over the disposition of revenues derived from taxation, including those raised by political subdivisions of the state under authority of the state, subject only to constitutional restrictions.
With regard to your constitutional question we would first note that there is no specific provision in either the federal or state constitutions dealing with the question of whether it is proper to expend public revenue for the purpose of influencing legislation. Consequently, we believe the question presented must be analyzed from the perspective of whether or not the expenditure of public monies to influence legislation would constitute a public purpose. Our Supreme Court has recognized that the use of public funds must be directed toward a public, as opposed to a private use.Chase v. County of Douglas, 195 Neb. 838, 241 N.W.2d 334
(1976). In this area, it is difficult to define any specific formula for determining what is or is not a public purpose.
 "No hard and fast rule can be laid down, for in determining whether a proposed expenditure of public funds if valid as devoted to a `public use or purpose' each case must be decided with reference to the object sought to be accomplished and to the degree and manner in which that object affects the public welfare."
It is equally difficult to determine what types of attempts to influence the legislation might constitute a private, as opposed to public purpose. For example, if a member of the Beef Industry Development Board, who is paid with public funds, testified before the Legislature in support of a bill which would promote the beef industry in our state, a public purpose would appear to be present. On the other hand, the expenditure of such funds under the Beef Development Act to hire a lobbyist may present a closer case, depending, for instance, on how the lobbyist's duties are defined.
As the court noted in Chase v. County of Douglas,supra, it is for the Legislature in the first instance to decide what is or is not a public purpose. And the problem with regard to the provisions of LB 953 is that the legislation is silent on the question of whether or not monies can be expended for influencing legislation.
You have also asked if a provision allowing individuals to object to the use of check-off funds for lobbying purposes ameliorate any constitutional difficulties considering the decision in Abood v. Detroit, 431 U.S. 209.
We have examined the Abood decision and conclude that it has no application to situations such as are presented by LB 953.
Abood dealt with the use of union dues for purposes unrelated to collective bargaining, i.e., support of political candidates and the expression of political views. In arriving at its conclusion, the Supreme Court considered the affect of federal legislation such as the National Labor Relations Act, and the Railway Labor Act. We do not see any application of rules for the expenditure of union dues under the provisions of federal labor legislation to the expenditure of monies collected under the Legislature's power to tax.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Bernard L. Packett Assistant Attorney General