REQUESTED BY: Senator Jon C. Bruning
You have requested our opinion on the constitutionality of LB 664 which expands the Intergovernmental Risk Management Act to permit governmental entities to participate in risk management pools to provide for health, dental, accident and life insurance for employees of such entities. Your concern is with the "pooling concept" which exists in both the existing act and the proposed amendment.
Since it is the policy of this office to decline opinion requests from legislators concerning the constitutionality of existing statutes, this opinion is limited to the issues raised by you with respect to LB 664 and not to the Intergovernmental Risk Management Act.
In your letters of February 22, 2001, and March 1, 2001, you ask whether one County in the pool may constitutionally impose taxes on residents of that county for liabilitites incurred in another member county in the pool. We assume you are referring to the "sound principle of taxation which prescribes that the benefits of taxation should be directly received by those directly concerned in bearing the burdens of taxation, so that a legislature cannot divert taxes raised by one taxing district to the sole use and benefit of another district". See State ex rel. School Dist. OfScottsbluff v. Ellis, 168 Neb. 166, 172,95 N.W.2d 538.
In this instance we do not believe that concept applies. A Risk Management Pool may be formed by counties for health insurance coverage which provides for sharing of costs proportionately by each pool member. That sharing of costs is a general expense of each county member for the privilege of securing insurance. It is not a tax, although this expense, like any other, must be paid from tax revenues.
You also express concern that the pool may "levy a tax that is in excess of any statutory limitation". Again, it does not appear that the pool levies any tax as such. It only determines the share each member must pay for such member's costs for the insurance coverage. Each member is responsible for its own costs of operation, including costs of insurance, and must keep those costs within the various taxing limits imposed by constitution or statute on each member. In other words, buying into the pool does not give members any right to exceed such taxing limits.
 Sincerely yours, DON STENBERG
 Attorney General John R. Thompson Senior Assistant Attorney General