474 So.2d 398 (1985)
Antonio Tony PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2336.
District Court of Appeal of Florida, Third District.
August 20, 1985.
*399 Bennett H. Brummer, Public Defender and Alan M. Sorota, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
In the case before us, the trial court erred when it sanctioned the State's listing of the defendant's attorney as a witness, notwithstanding that the attorney's testimony was both unnecessary to the State's case and obtainable from other sources. Because this error in turn compelled the withdrawal of the defendant's attorney and forced the defendant to accede to  indeed request  a continuance of the trial beyond the time limits of the speedy trial rule, it now leads to a reversal of the defendant's convictions and the discharge of the defendant.
The prosecutor listed the defendant's attorney as a prospective State witness after he learned that the defendant's attorney had taken a pretrial deposition of the alleged victim of the crime. It appears that at that deposition, the defendant's attorney showed the victim a Xerox copy of a picture of an earlier conducted photo lineup, and when the victim again identified the defendant as the perpetrator of the crime, the defendant's attorney became, in the prosecutor's view, a potential witness to the victim's pretrial identification of the defendant and was added to the State's list of witnesses.[1]
Defense counsel promptly moved to have his name stricken from the witness list. He asserted that the State had available to it the testimony of a detective before whom the victim had first identified the defendant from a photo lineup shortly after the alleged commission of the crime, and if that were not enough to bolster the victim's trial testimony, the court reporter in attendance at the deposition, rather than the defendant's attorney, could attest to the victim's identification. Four days before the scheduled trial date, the trial court denied defense counsel's motion to strike.
Defense counsel thereupon moved to withdraw, alleging, correctly, that his continued representation of the defendant would be in violation of Disciplinary Rule 5-102(B) of the Florida Bar Code of Professional Responsibility.[2] The trial court *400 granted the motion to withdraw and appointed new counsel for the defendant.[3] Predictably, the defendant's newly-appointed counsel informed the court that he could not be ready to represent the defendant in a trial scheduled to begin in four days. The trial court charged the defendant with a continuance and rescheduled the trial to a date 192 days from the defendant's arrest. Immediately before the commencement of trial, the defendant moved for discharge on the ground that his rights under the speedy trial rule, Fla.R.Crim.P. 3.191(a)(1) (1983) (requiring that the defendant be brought to trial within 180 days of being taken into custody), were violated. The trial court denied the motion for discharge, the defendant proceeded to trial and was convicted and sentenced, and this appeal followed.
We reverse the defendant's convictions and order that he be discharged as a result of the failure of the State to bring him to trial within 180 days as required by the speedy trial rule. Whether, as the defendant contends, the State acted in bad faith in listing his attorney as a witness (in support of this contention, the defendant notes that his withdrawn attorney was never called by the State to testify at the trial), or the State acted in good faith believing that the defense attorney could and ought to be called as a witness, the defendant's point is valid. Regardless of the prosecutor's motive, the State should not have been permitted to list the defendant's attorney as a witness, because his testimony was not needed and was available to the State through other witnesses. See United States v. Crockett, 506 F.2d 759 (5th Cir.), cert. denied, 423 U.S. 824, 96 S.Ct. 37, 46 L.Ed.2d 40 (1975) (predicate for government calling defense attorney is showing that evidence unobtainable from other sources); Williams v. District Court, El Paso County, ___ Colo. ___, 700 P.2d 549 (1985) (state must show compelling need for testimony of defense counsel that cannot be satisfied from another source).[4]But see United States v. Cortellesso, 663 F.2d 361 (1st Cir.1981); United States v. Gomez, 584 F. Supp. 1185 (D.R.I. 1984).[5]
Because the trial court approved the State's action and thereby forced defense counsel's withdrawal, it was improper to charge a continuance of the trial to the defendant and thereafter deny his motion to dismiss and for discharge under Florida Rule of Criminal Procedure 3.191(a)(1) (1983). Cf. State v. DelGaudio, 445 So.2d 605 (Fla. 3d DCA), rev. denied, 453 So.2d 45 *401 (Fla. 1984); Mulryan v. Judge, Division "C" Circuit Court of Okaloosa County, 350 So.2d 784 (Fla. 1st DCA 1977).
Reversed with directions to discharge the defendant.
NOTES
[1] A witness to a declarant's "identification of a person made after perceiving him" may testify to the identification if the declarant testifies at trial and is subject to cross-examination; such a statement is not hearsay. § 90.801(2)(c), Fla. Stat. (1983).
[2] The Rule provides:

"If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he ... may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."
Without dispute, it was obvious that the defense attorney might be called as a witness for the State and that, if called to testify to the victim's identification of his client, his testimony would be prejudicial to his client.
[3] Procedurally, the trial court's denial of defendant's motion to strike defense counsel's name from the State's witness list was the functional equivalent of an order granting a motion to disqualify defense counsel. Cf. Williams v. District Court, El Paso County, ___ Colo. ___, 700 P.2d 549 (1985) (act of subpoenaing defense counsel likened to motion to disqualify). Thus, disqualification cases, cited infra, are on point.
[4] The rule that counsel should not be disqualified upon motion of the opposing party unless he is an indispensable witness applies as well where it is contended that counsel is needed to testify upon his client's behalf. Cazares v. Church of Scientology of California, Inc., 429 So.2d 348 (Fla. 5th DCA), rev. denied, 438 So.2d 831 (Fla. 1983); J.D. Pflaumer, Inc. v. United States Department of Justice, 465 F. Supp. 746 (E.D.Pa. 1979); Ross v. Great Atlantic & Pacific Tea Co., 447 F. Supp. 406 (S.D.N.Y. 1978). A corollary of the rule is that an attorney for a party should not be called as a witness by the party unless his testimony is indispensable. See United States v. Torres, 503 F.2d 1120 (2d Cir.1974). See also United States v. Alu, 246 F.2d 29 (2d Cir.1957).
[5] Cortellesso and Gomez announce the rule that the government need not truncate its case and settle for less than its best evidence. We think the better rule is that the government's or state's need for evidence (including that it may be more persuasive and convincing than other like and available evidence) should be balanced against the defendant's right to choice of counsel, delays necessitated by change of counsel, see Ross v. Great Atlantic & Pacific Tea Co., 447 F. Supp. 406, and similar factors.