The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Michael P. WILLIAMSON,
Defendant–Appellant.

No. 91CA0493.

Colorado Court of Appeals,
Div. IV.

Sept. 24, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Foster, Larson, Laiche & Griff, Timothy E. Foster, James W. Giese, Grand Junction, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Michael P. Williamson, appeals the judgment of conviction entered upon a jury verdict finding him guilty of violation of bail bond condition. We affirm.

### I.

Defendant first contends that the trial court erred by ordering his prior counsel to testify at trial. Defendant maintains that the testimony of his prior counsel concerned privileged communications and that he had not consented to or waived the attorney-client privilege. Because we con-

clude that the testimony did not reveal privileged communications, we disagree.

Section 13–90–107(1)(b), C.R.S. (1987 Repl.Vol. 6A) provides in pertinent part:

An attorney shall not be examined without the consent of his client as to any communication made by the client to him or his advice given thereon in the course of professional employment. . . .

The purpose of this privilege is to encourage full and frank communications between attorneys and their clients which promote the administration of justice and preserve the dignity of the individual. *People v. Swearingen*, 649 P.2d 1102 (Colo. 1982).

However, the attorney-client privilege extends only to confidential matters communicated by or to the client in the course of gaining counsel, advice, or direction with respect to the client's rights or obligations. *People v. Tippett*, 733 P.2d 1183 (Colo. 1987).

Here, the evidence sought to be elicited from prior counsel was not of a confidential nature and, hence, was not protected by the attorney-client privilege. It simply related to whether the attorney had advised his client of the court's order to appear.

The relaying of this message is not in the nature of a confidential communication. . . . Defense counsel served merely as a conduit for transmission of a message. . . . Defendant's counsel had a duty to relay the instructions to his client in his capacity as an officer of the court, and this in no way was inconsistent with his obligation to his client.

*U.S. v. Hall*, 346 F.2d 875 (2d Cir.1965), *cert. denied*, 382 U.S. 910, 86 S.Ct. 250, 15 L.Ed.2d 161. Hence, the trial court correctly ordered defendant's prior counsel to testify.

## II.

Defendant also contends that the trial court erred in denying his motion for judgment of acquittal. He maintains that the evidence was insufficient to prove that he knowingly failed to appear. We disagree.

The standard for determining the merits of a motion for judgment of acquittal is whether the relevant evidence, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *People v. Gonzales*, 666 P.2d 123 (Colo.1983).

A person who is released on bail bond and either before, during, or after release is accused by complaint of any felony arising from the conduct for which he was arrested commits a class 6 felony if he knowingly fails to appear for trial or other proceedings in the case. Section 18–8–212(1), C.R.S. (1992 Cum.Supp.).

Viewing the record as a whole, we conclude that the evidence was sufficient to support the defendant's conviction. The evidence established that the defendant was informed of the May 29, 1990, hearing date by two people, his prior counsel and his bondsman. Moreover, evidence was introduced that the defendant planned to leave town as soon as he received money which had been mailed to him. This attempt to flee the jurisdiction supports an inference that he knowingly failed to appear.

Accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal.

Judgment affirmed.

TURSI and METZGER, JJ., concur.