DARREL STEENBLOCK, APPELLEE, V. ELKHORN TOWNSHIP BOARD ET AL., APPELLANTS.

515 N.W.2d 128

Filed April 22, 1994.    No. S-92-1080.

John W. Iliff, of Gross & Welch, P.C., for appellants.

Avis R. Andrews for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

WRIGHT, J.

Darrel Steenblock sued to declare void the action taken by the Elkhorn Township Board (Board) on November 3, 1991,

which action terminated his employment. Steenblock alleged that the Board and its members violated the provisions of the Nebraska public meetings laws, Neb. Rev. Stat. §§ 84-1408 to 84-1414 (Reissue 1987 & Cum. Supp. 1990). The district court granted summary judgment in favor of Steenblock, and the Board and its members appeal.

## SCOPE OF REVIEW

In reviewing a motion for summary judgment, an appellate court reviews the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from the evidence. *Kopecky v. National Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41 (1994).

## ASSIGNMENTS OF ERROR

The Board and its members assign as error the court's sustaining Steenblock's motion for summary judgment and overruling their motion for summary judgment; the court's finding that a January 23, 1992, meeting did not cure the November 3, 1991, violation, if any, of the public meetings laws; the court's finding that the meeting of November 3, 1991, was in violation of the public meetings laws and was not an emergency action; and the court's ordering the defendants to pay attorney fees and costs.

## FACTS

The Board was made up of three members: Larry Sund, chairman; Warren Schultz, treasurer; and Linda Bechtel, clerk. At the first meeting held in 1991, the Board passed a resolution which placed Sund in charge of the township's road grader operator. Steenblock was employed by the Board as a road grader operator, but he had no employment contract and was not hired for a definite term.

Between January 9 and November 3, 1991, Sund met regularly with Steenblock to discuss Steenblock's road-grading procedures and specific instructions regarding his job. In September, Steenblock was given a written document entitled "Current Pay Policy." The document stated that Steenblock would be paid on an hourly basis and would receive no paid vacation or weather days. He was allowed to set his own

schedule as long as the work was completed.

The Board evaluated Steenblock's hours and performance and noted in the October 17 minutes that it was not pleased with his performance. Problems noted by Sund included the following: The equipment was not adequately maintained; oil samples were not taken at proper times; belts on the grader were not adjusted, which caused belt damage and problems with the alternator; the grader engine compartment door was left open, which allowed rain to enter; door latches were not lubricated; batteries were not maintained; the grader was not kept clean; and the chains did not fit the grader, were left on the ground, and were not put into storage.

In late October 1991, a snowstorm struck the Elkhorn area. When some township roads had not been cleared and some residents were not able to leave their houses, Sund instructed Steenblock to put chains and the "V plow" on the grader to remove the snow. Steenblock did not follow these instructions, and the grader became stuck in the snow. Schultz came upon Steenblock and the grader and helped pull out the grader. At about the same time, Sund arrived and fired Steenblock. After Schultz told Sund that he did not believe Sund had the authority to fire Steenblock, Sund called an "emergency" meeting of the Board for that evening. Notice of the meeting was given by telephone to Bechtel and Schultz. The Board members, Sund's wife, and Schultz' wife were the only people who attended and participated in the meeting.

Sund stated that the emergency upon which he based the meeting was the snowstorm. The snow had not been removed from the roads, and two people could not get out of their residences. Sund presented a written review of Steenblock's performance and moved to give Steenblock 2 weeks' notice of termination for the following reasons: Steenblock did not follow direct orders, did not maintain the grader properly, did not use proper equipment for the job, charged excessive hours for several jobs, used township equipment for personal use, was not responsive to township needs, and did not reside in the township.

The Board passed the motion to terminate. Steenblock was mailed a letter of termination stating the above reasons. The

last paragraph of the letter stated: "The next township meeting is November 14, 1991 at 8:00 PM at Larry Sund's home. If you need to discuss any of this, you can address the township board then." Steenblock attended the November 14 meeting, where his performance was discussed by the Board and the minutes of the November 3 meeting were read and approved. Steenblock continued to operate the road grader until November 18. The Board hired a replacement on January 23, 1992.

At its monthly meeting on December 12, 1991, which was open to the public, the Board again discussed Steenblock's termination. A motion to reinstate Steenblock was defeated for lack of a second.

Steenblock's dismissal was placed on the agenda for the January 23, 1992, board meeting. Bechtel stated that the agenda was published in the Fremont Tribune newspaper for 10 days before the meeting. On January 30, 1992, Steenblock commenced suit, requesting that the November 3, 1991, meeting be declared void because it violated Nebraska's public meetings laws.

## ANALYSIS

Section 84-1408 provides:

> It is hereby declared to be the policy of this state that the formation of public policy is public business and may not be conducted in secret.

> Every meeting of a public body shall be open to the public in order that citizens may exercise their democratic privilege of attending and speaking at meetings of public bodies, except as otherwise provided by the Constitution of the State of Nebraska, federal statutes, and sections 79-327, 84-1408 to 84-1414, and 85-104.

A township is a political subdivision. See, *State ex rel. School Dist. of Scottsbluff v. Ellis*, 168 Neb. 166, 95 N.W.2d 538 (1959); Neb. Rev. Stat. §§ 13-702(2) (Reissue 1991), 84-1103(9) (Reissue 1987), and 84-1202(4) (Cum. Supp. 1992). As a political subdivision of the State of Nebraska, the Board is subject to the provisions of the public meetings laws. § 84-1409(1)(a).

"The Nebraska Public Meetings Laws are a statutory

commitment to openness in government. . . . 'The basic argument for open meetings is that public knowledge of the considerations upon which governmental action is based is essential to the democratic process. . . .' " *Grein v. Board of Education*, 216 Neb. 158, 163-64, 343 N.W.2d 718, 722 (1984). Each public body is required to give reasonable advance notice of the time and place of the meeting and to provide an agenda of the subjects to be considered at the meeting.

The Board contends that an emergency existed on November 3, 1991, and that the meeting complied with the requirements of § 84-1411(3). The Board points out that the roads had not been cleared of snow and that residents were not able to leave their houses. The Board claims these circumstances called for immediate actions which were of pressing necessity. We disagree. The reasons given by Sund at the November 3 meeting for terminating Steenblock's employment did not include failure to remove snow. The minutes of the meeting indicate the meeting was held to review Steenblock's performance.

An emergency has been defined as " '[a]ny event or occasional combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency; a sudden or unexpected happening; an unforeseen occurrence or condition.' " *Colfax County v. Butler County*, 83 Neb. 803, 810, 120 N.W. 444, 447 (1909). The Board's giving Steenblock 2 weeks' notice establishes that the meeting was not an event that called for immediate action, nor was it an unforeseen occurrence or condition, since the reasons given for termination were based upon past performance by Steenblock.

We find that the meeting of November 3, 1991, was void and unlawful and failed to comply with the requirements of the public meetings laws. The meeting was held in closed session, no member of the public was allowed to attend, and the meeting was held without reasonable advance notice for the purpose of firing Steenblock, which action did not constitute an emergency.

"When it is necessary to hold an emergency meeting without reasonable advance public notice, the nature of the emergency shall be stated in the minutes and any formal action taken in such meeting shall pertain only to the emergency." § 84-1411(3).

The reason given for the meeting in the minutes was to discuss the general performance of Steenblock, rather than an emergency. The letter of termination sent to Steenblock following the November 3 board meeting gave him 2 weeks to continue to operate the road grader. We find that the facts as presented do not show as a matter of law that an emergency existed.

We next consider the court's specific finding that the January 23, 1992, board meeting failed to cure the November 3, 1991, violation of the public meetings laws. In his petition, Steenblock requested the court to declare the November 3 action of the Board void in violation of the public meetings laws. In their answer, the defendants alleged that Steenblock's termination was ratified at a subsequent town meeting or meetings and that Steenblock was present at subsequent meetings which ratified his termination. Both Steenblock and the defendants filed motions for summary judgment. On November 6, 1992, the court sustained Steenblock's motion for summary judgment. By order dated November 16, 1992, the court awarded attorney fees to Steenblock's attorney in the amount of $1,300 and ordered the defendants to pay costs in the amount of $366.74.

We point out that the court did not decide the validity of any actions taken by the Board on January 23, 1992, regarding Steenblock's termination. The court decided only that the January 23, 1992, meeting did not validate the actions taken at the November 3, 1991, meeting. That meeting is void. We affirm that finding and the award of attorney fees and costs pursuant to § 84-1414(3). See *Tracy Corp. II v. Nebraska Pub. Serv. Comm.*, 218 Neb. 900, 360 N.W.2d 485 (1984). We do not decide whether the meeting of January 23, 1992, complied with the public meetings laws. The issue was not raised by Steenblock's petition and was therefore not before the district court on the motion for summary judgment. It is the facts well pleaded, not the theory of recovery or legal conclusions, which state a cause of action. *McCurry v. School Dist. of Valley*, 242 Neb. 504, 496 N.W.2d 433 (1993). Pleadings " 'frame the issues upon which a cause is to be tried and advise the adversary as to what he must meet.' " *Christianson v. Educational Serv. Unit*

*No. 16*, 243 Neb. 553, 558, 501 N.W.2d 281, 286 (1993).

The judgment of the district court is affirmed. We award Steenblock attorney fees in the amount of $675 for this appeal.

AFFIRMED.

WHITE, J., participating on briefs.