STATE OF NEBRASKA, APPELLEE, V.
DONALD HAWES, APPELLEE, AND ROBERT G. HAYS, APPELLANT.
556 N.W.2d 634

Filed December 13, 1996.    No. S-95-1165.

John Wesley Hall, Jr., and Andrew Dean Strotman for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee State.

Michael D. Gooch, Deputy Lancaster County Public Defender, for amici curiae National Legal Aid and Defender Association, National Association of Criminal Defense Lawyers, and Nebraska Criminal Defense Attorneys Association.

Rodney J. Rehm for amicus curiae Nebraska Association of Trial Attorneys.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

Robert G. Hays, a Lancaster County deputy public defender and a witness in this proceeding, appeals his conviction for criminal contempt which resulted from his refusal to testify concerning information he claims as confidential and privileged regarding the defendant-appellee, Donald Hawes, a former client. For the reasons that follow, we reverse, and dismiss the contempt citation.

## FACTUAL BACKGROUND

Hawes was charged with driving while his driver's license was under suspension, and Hays was appointed as his counsel. Because Hawes failed to appear at the scheduled trial on that charge, he was charged with failure to appear. The district court appointed Hays as his counsel with respect to the latter charge, notwithstanding having been informed that the county attorney intended to call Hays as a witness against Hawes.

The plaintiff-appellee, State of Nebraska, served Hays with a subpoena directing him to appear and testify at Hawes' preliminary hearing on the failure to appear charge. Asserting, among other things, that his testimony would violate the lawyer-client privilege and his duties as a lawyer, Hays filed on Hawes' behalf a motion to quash the subpoena. Following a hearing, the district court overruled the motion.

At the preliminary hearing which followed, the State then called Hays as a witness and asked whether he had instructed his client to appear for the scheduled trial on the driving charge. Asserting the lawyer-client privilege, Hays objected to the question and declined to answer. The district court overruled Hays' objection and directed him to answer. Hays again declined, and the preliminary hearing was continued.

Prior to the resumption of the hearing, the State filed a motion to disqualify Hays as counsel for Hawes because of the conflict of interest created by Hays' compelled testimony against his client. This motion was sustained, and substitute counsel was appointed.

At the resumption of the preliminary hearing, Hays again invoked his former client's privilege, explaining that he had a statutory obligation to maintain client confidences and secrets at any peril to himself and, further, that he had an obligation under the Nebraska Code of Professional Responsibility to not reveal any client confidences or secrets. Unpersuaded, the district court again ordered Hays to answer. When he again declined, he was found to be in criminal contempt of court and was fined.

## SCOPE OF REVIEW

A final judgment or order in a contempt proceeding is reviewed in the same manner as in a criminal case, *State ex rel. Reitz v. Ringer*, 244 Neb. 976, 510 N.W.2d 294 (1994); however, regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review, *State v. Swift, ante* p. 204, 556 N.W.2d 243 (1996); *State v. Conklin*, 249 Neb. 727, 545 N.W.2d 101 (1966).

## ASSIGNMENTS OF ERROR

Hays' 12 assignments of error can be summarized as claiming that on evidential, ethical, and constitutional grounds, the district court erred in overruling Hawes' motion to quash the subpoena and holding Hays in criminal contempt of court for refusing to answer the State's question.

## ANALYSIS

In addition to the privilege granted a client by Neb. Rev. Stat. § 27-503(2) (Reissue 1995) to refuse to disclose, and to prevent any other person from disclosing, confidential communications between the client and his or her lawyer made for the purpose of facilitating the rendition of professional legal services, Neb. Rev. Stat. § 7-105(4) (Reissue 1991) imposes upon a lawyer a duty "to maintain inviolate the confidence, and, at any peril to himself, to preserve the secrets" of his or her clients. Moreover, Canon 4, DR 4-101(B), of the Code of Professional Responsibility imposes upon a lawyer an ethical duty to not knowingly reveal or use to the disadvantage of the client without consent a confidence or secret of the client, except when required by law or court order.

Here, Hays was ordered to disclose whether he communicated to his former client the date, time, and place of the trial scheduled on the driving charge; the ultimate question is whether the order was lawful. Other state courts which have considered the matter have concluded that as the date, time, and place of trial is not confidential in character, a communication concerning the same does not come within the ambit of the lawyer-client privilege conferred by provisions similar to those contained in § 27-503 or the duties imposed on lawyers under provisions similar to those contained in § 7-105(4) and DR 4-101(B). See, e.g., *Korff v. State*, 567 N.E.2d 1146 (Ind. 1991), *cert. denied* 502 U.S. 871, 112 S. Ct. 206, 116 L. Ed. 2d 164; *State v. Ogle*, 297 Or. 84, 682 P.2d 267 (1984); *City of Wichita v. Chapman*, 214 Kan. 575, 521 P.2d 589 (1974); *Downie v. Superior Court*, 888 P.2d 1306 (Alaska App. 1995); *People v. Williamson*, 839 P.2d 519 (Colo. App. 1992); *Watkins v. State*, 516 So. 2d 1043 (Fla. App. 1987); *State v. Breazeale*, 11 Kan. App. 2d 103, 713 P.2d 973 (1986).

Although we have not had prior occasion to pass upon the precise question presented here, in *Castle v. Richards*, 169 Neb. 339, 343, 99 N.W.2d 473, 476 (1959), we recognized in dictum that "not every communication of a client to his attorney . . . is accorded the privilege of confidentiality . . . ." The statutes then in effect rendered an attorney incompetent to testify "concerning any communication made to him by his client in that

relation or his advice thereon, without the client's consent," Neb. Rev. Stat. § 25-1201 (Reissue 1964), and prevented any attorney from disclosing "any confidential communication, properly entrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline," Neb. Rev. Stat. § 25-1206 (Reissue 1964). We held the statement in question admissible, as it had been made to one who was not serving as the declarant's attorney at the time the statement was made. Although the holding was based on the lack of a lawyer-client relationship, we wrote that the declaration "was neither professional nor confidential," 169 Neb. at 346, 99 N.W.2d at 477, and quoted cases from other jurisdictions observing that to be protected from disclosure, a communication must be one which is essentially confidential in character and which relates to the subject matter upon which advice was given or sought. Thus, we cannot say that a communication concerning the date, time, and place of a scheduled trial is confidential in nature and protected from disclosure by § 27-503, § 7-105(4), or DR 4-101(B).

But there is a preliminary question, namely, whether under the circumstances it was appropriate for the State to have subpoenaed Hays to appear as a witness against a former client. In that regard, we agree with the observation of the U.S. Court of Appeals for the Fifth Circuit that the practice of calling an attorney to testify against a former client is not to be applauded, for the mere appearance of an attorney testifying against a former client, even as to matters of public record, is distasteful and should only be used in rare instances. *United States v. Cochran*, 546 F.2d 27 (5th Cir. 1977).

The evidential lawyer-client privilege is an old one in the common law, going back to at least 1577, 8 John Henry Wigmore, Evidence in Trials at Common Law § 2290 (1961), and exists through the present day to promote the freedom of consultation of legal advisers by clients, *id.*, § 2291. In the words of Canon 4, EC 4-1, of the Code of Professional Responsibility:

> Both the fiduciary relationship existing between lawyer and client and the proper functioning of the legal system

require the preservation by the lawyer of confidences and secrets of one who has employed or sought to employ him or her. A client must feel free to discuss whatever the client wishes with his or her lawyer and a lawyer must be equally free to obtain information beyond that volunteered by the client.

Accordingly, we agree with, and adopt, the rule set forth in *Williams v. District Court, El Paso County*, 700 P.2d 549 (Colo. 1985), that a prosecutorial subpoena served on an accused's attorney can withstand a motion to quash only if the prosecution demonstrates on the record that the defense attorney's testimony will actually be adverse to the accused, that the evidence sought to be elicited from the attorney will likely be admissible at trial under the controlling rules of evidence, and that there is a compelling need for such evidence which cannot be satisfied by some other source. See, also, *Ullmann v. State*, 230 Conn. 698, 647 A.2d 324 (1994) (in criminal case, compelling need test applies to call attorney professionally involved in case); *Shelton v. State*, 206 Ga. App. 579, 426 S.E.2d 69 (1992); *Perez v. State*, 474 So. 2d 398 (Fla. App. 1985).

Although the record contains self-serving statements by the prosecuting attorneys involved in these proceedings that "it is necessary" to make inquiry of defense counsel and that, otherwise, there would be "no way," or at least it would be "very, very difficult for the State" to prove its case, there is no evidential showing that any effort other than subpoenaing Hays was made. Under that state of the record, it cannot be said that the requirements of the foregoing test have been met.

That being the situation, we need not consider Hays' constitutional arguments. It should, however, be remembered that the "courts have a duty to maintain public confidence in the legal system and to protect and enhance the attorney-client relationship in all its dimensions." *CenTra, Inc. v. Chandler Ins. Co.*, 248 Neb. 844, 852, 540 N.W.2d 318, 326 (1995). Accordingly, trial courts have a responsibility to employ procedures which minimize, if not eliminate, in cases of this type the need to call defense attorneys to testify against their clients or former clients.

Therefore, for the above-stated reasons, we reverse, and dismiss the contempt citation.

REVERSED.

WRIGHT, J., not participating.