STATE OF NEBRASKA EX REL. TIMOTHY J. STIVRINS, M.D.,
AND MICHAEL A. PACE, M.D., RELATORS, V. HONORABLE
KAREN B. FLOWERS, JUDGE, DISTRICT COURT FOR LANCASTER
COUNTY, NEBRASKA, RESPONDENT, AND DONALD R.
WINTER, PERSONAL REPRESENTATIVE OF THE ESTATE
OF CHARLOTTE WINTER, INTERVENOR.

729 N.W.2d 311

Filed April 6, 2007.    No. S-06-1044.

Patrick G. Vipond, Kyle Wallor, and Molly C. Moran, of Lamson, Dugan & Murray, L.L.P., for relators.

Jon Bruning, Attorney General, and Thomas E. Stine for respondent.

Sally A. Rasmussen, of Knudsen, Berkheimer, Richardson & Endacott, L.L.P., for intervenor.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.
## I. NATURE OF CASE
During the course of a discovery deposition, the plaintiff sought to question a witness about a conversation with his attorney. Counsel for the witness objected, and the plaintiff filed a

motion to compel the witness to answer the deposition questions. The district court ordered disclosure of the conversation. The witness and the defendant filed in this court an original action seeking a writ of mandamus directing the district court to vacate its order compelling disclosure.

## II. SCOPE OF REVIEW

■ When reviewing the applicability of the attorney-client privilege, an appellate court reaches a conclusion independent of the lower court's ruling. See *Greenwalt v. Wal-Mart Stores*, 253 Neb. 32, 567 N.W.2d 560 (1997). In determining whether mandamus applies to an issue of discovery, we consider whether the trial court clearly abused its discretion in not limiting the scope of the discovery. See *State ex rel. Acme Rug Cleaner v. Likes*, 256 Neb. 34, 588 N.W.2d 783 (1999).

## III. FACTS

In the underlying case, the plaintiff, as personal representative of his wife's estate and individually, brought an action for medical malpractice against Timothy J. Stivrins, M.D., in the district court for Lancaster County. The plaintiff alleged that Stivrins failed to identify early signs of cancer on the lungs of the plaintiff's wife. Stivrins was represented in the action by attorney Patrick G. Vipond.

While conducting discovery, the plaintiff sought to depose Michael A. Pace, M.D., who worked in the same medical office as Stivrins. During the week of December 12, 2005, Pace received notice that the plaintiff wanted to take his deposition. Pace knew that Vipond was representing Stivrins in the medical malpractice action, and in a telephone conversation, Pace and Vipond discussed whether Pace should have legal representation at his deposition. Vipond told Pace that Vipond could represent Pace and agreed to do so. Vipond also informed Pace that their conversations were privileged.

At the deposition, Pace told the plaintiff's counsel that Vipond was his attorney and was representing him. The following dialog occurred during the deposition:

> Q [by plaintiff's attorney] Okay. When did you speak with
> [Vipond] about the fact this was a missed cancer case?

A On the phone yesterday.

Q And what — Tell me what you said and what he said[.]

[Vipond]: Wait. Don't.

[Pace]: Was that yesterday?

[Vipond]: He's not going to discuss our conversation. I'm his attorney here representing him. And when I discussed it with him as his attorney, attorney/client privilege. You're instructed not to answer any questions about what we discussed.

[Plaintiff's attorney]: Okay. Let me just clarify. I'll ask you to clarify that.

Q [by plaintiff's attorney] Dr. Pace, does Mr. Vipond represent you in some capacity?

A Yes.

Q What capacity?

A He's my lawyer.

Q For? For what?

A For this deposition.

Q Okay. And you understand that you are not a party to this lawsuit?

A Yes.

Q Okay. And you understand nobody is suing you over this; correct?

A Yes.

Q All right. I'm going to ask it again. Yesterday when you talked to Mr. Vipond about the deposition, I want to know what you said and what he said.

[Vipond]: Okay. Object and instruct him not to answer, attorney/client privilege. And you don't need to answer the question.

The plaintiff filed a motion to compel requesting the district court to order Pace to answer the deposition questions. A hearing on the motion was held on April 18, 2006. A transcript of the deposition was submitted to the court, along with the affidavits of Vipond and Pace. Each affidavit asserted that an attorney-client relationship existed between Vipond and Pace. After reviewing the evidence, the court stated it was not convinced that Vipond and Pace had sustained their burden to

establish that the attorney-client privilege protected the discussions they had prior to Pace's deposition. The court thus sustained the plaintiff's motion to compel.

On July 24, 2006, Stivrins and Pace, as relators, filed an application in this court for leave to file an original mandamus action against the district court. They sought a writ of mandamus directing the district court to vacate its order compelling disclosure of the communications between Pace and Vipond. This court granted the relators' request to file the mandamus action and granted the plaintiff permission to intervene. We issued an alternative writ of mandamus directing the court to either set aside the discovery order or show cause why a peremptory writ should not be issued.

In response, the district court filed a "show cause statement," which stated that the court was not convinced Vipond and Pace had sustained their burden to establish that the attorney-client privilege protected the conversation sought to be disclosed.

## IV. ASSIGNMENTS OF ERROR

The relators contend that the district court erred in granting the plaintiff's motion to compel Pace to disclose communications protected by attorney-client privilege and in denying the relators' request to protect those communications.

## V. ANALYSIS

Mandamus is appropriate when (1) the relator has a clear legal right to the relief sought, (2) there is a corresponding clear duty existing on the part of the respondent to perform the act in question, and (3) there is no other plain and adequate remedy available in the ordinary course of the law. See *State ex rel. Upper Republican NRD v. District Judges, ante* p. 148, 728 N.W.2d 275 (2007). In a mandamus action, the relator has the burden of proof and must show clearly and conclusively that such party is entitled to the particular remedy sought and that the respondent is legally obligated to act. See *id.* In determining whether mandamus applies to an issue of discovery, this court considers whether the trial court clearly abused its discretion in not limiting the scope of the discovery. See *State ex rel. Acme Rug Cleaner v. Likes*, 256 Neb. 34, 588 N.W.2d 783 (1999).

### 1. RELATORS' LEGAL RIGHT

██ The relators must demonstrate clearly and conclusively that they are entitled to the particular remedy sought. See *State ex rel. Upper Republican NRD, supra*. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications between the client and his or her lawyer made for the purpose of facilitating the rendition of professional legal services to the client. See Neb. Rev. Stat. § 27-503(2) (Reissue 1995). Thus, whether the relators have a clear legal right to the relief they seek depends on whether an attorney-client relationship existed between Vipond and Pace and whether the information sought to be disclosed was a protected confidential communication. The party asserting attorney-client privilege has the burden of proving that the information sought is protected. See *Greenwalt v. Wal-Mart Stores*, 253 Neb. 32, 567 N.W.2d 560 (1997).

### (a) Attorney-Client Relationship

██ Under § 27-503(1), a client is a person who is rendered professional legal services by a lawyer or who consults a lawyer with a view to obtaining professional legal services from the lawyer. Pace's affidavit adequately sets forth such description. Pace consulted with Vipond 2 days before the deposition was taken, and they discussed whether Pace should have legal representation at his deposition. Vipond agreed to represent Pace at the deposition and told him their communications were privileged. Pace referred to Vipond as his attorney.

██ A lawyer is a person authorized, or reasonably believed by the client to be authorized, to practice law in any state or nation. § 27-503(1)(b). Vipond is licensed to practice law in Nebraska. He agreed to represent Pace at the deposition and told him their communications were privileged. Vipond attended Pace's deposition as Pace's attorney. Thus, the relationship between Vipond and Pace falls under the statute setting forth the attorney-client privilege.

██ An attorney-client relationship is created when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly

agrees to give or actually gives the desired advice or assistance. *McVaney v. Baird, Holm, McEachen*, 237 Neb. 451, 466 N.W.2d 499 (1991). Pace sought advice from Vipond on whether Pace should have legal representation at the deposition. The advice and assistance sought by Pace from Vipond was within Vipond's professional competence as a lawyer. And Vipond agreed to represent Pace at the deposition. Accordingly, an attorney-client relationship was formed between Vipond and Pace.

(b) Confidential Communications

To be protected from disclosure, "a communication must be one which is essentially confidential in character and which relates to the subject matter upon which advice was given or sought." *State v. Hawes*, 251 Neb. 305, 309, 556 N.W.2d 634, 637 (1996). A communication is confidential if it is not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication. § 27-503(1)(d).

The exhibits before this court leave little doubt that the plaintiff's attorney was seeking communications between Vipond and Pace that were not intended to be disclosed to third persons. Pace's affidavit makes clear that Vipond told Pace all their conversations were privileged; thus, Pace had a reasonable expectation that his discussions with Vipond before the deposition were confidential. In the deposition, the plaintiff's attorney expressly (and generally) inquired into what was "said" between Vipond and Pace. The plaintiff's motion requested an order compelling Pace to respond to plaintiff's deposition questions regarding his conversations with Vipond. In further generalities, the plaintiff asserted that the information sought was relevant to the credibility and reliability of Pace as a witness and was needed to prepare for trial.

Following a hearing, the district court sustained the plaintiff's motion to compel. In a "show cause statement" submitted to this court in response to the alternative writ of mandamus, the district court declared:

> After reviewing the evidence received during the Motion to Compel hearing, the court was not convinced that Pace and Vipond had sustained their burden to establish that the

attorney-client privilege protected the discussions they had had prior to Pace's deposition. *See Greenwalt v. Wal-Mart Stores, Inc.*, 253 Neb. 32, 567 N.W.2d 560 (1997).

The district court's reliance upon *Greenwalt v. Wal-Mart Stores*, 253 Neb. 32, 567 N.W.2d 560 (1997), is misplaced. An important distinction from *Greenwalt* is that the matters at issue in the case at bar were confidential communications between a client and his attorney. In *Greenwalt*, a party asserted that documents requested by the opposing party were attorney work product. It was not asserted that the information contained in the requested documents included confidential communications between attorney and client. We held that a party asserting the attorney-client privilege or the work-product doctrine had the burden of proving that the documents sought were protected. We proceeded to set forth procedural guidelines to be used when documents sought to be discovered were alleged to be privileged or work product.

The question in *Greenwalt* was how a court could verify whether the documents involved were in fact protected as privileged or work product. We stated that a court must balance one party's interest in not revealing protected material and the requesting party's interest in being precluded from discovery based solely upon the claim that the material is protected. In response to a motion to compel production of documents, the party asserting that the requested documents are protected must establish a prima facie claim that the privilege or doctrine applies. See *id.*

The case at bar does not involve documents but a conversation between attorney and client. The issue is whether the relators have met their burden to establish that the information sought by the plaintiff was privileged. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client between the client and his or her lawyer. See § 27-503(2).

The affidavits of Vipond and Pace clearly alleged that an attorney-client relationship existed and that their conversation before Pace's deposition was intended to be confidential. The plaintiff's deposition questions were directed at that conversation. Thus, the relators established a prima facie claim for privileged communication between attorney and client.

Once Pace established the attorney-client relationship, the plaintiff had the burden to establish that the inquiry related to or was an exception to this rule or that the communications were outside the scope of the privilege. The plaintiff did not show that the sought-after communications were not privileged or that an exception to the attorney-client privilege applied. Therefore, the first prerequisite for issuing a writ of mandamus has been met because the relators have demonstrated they have a clear legal right to protect the communications between the client and his attorney.

## 2. CORRESPONDING CLEAR DUTY

For mandamus to lie, a corresponding clear duty must exist on the part of the respondent to perform the act in question. See *State ex rel. Upper Republican NRD v. District Judges, ante* p. 148, 728 N.W.2d 275 (2007). This court has declared that courts have a duty to maintain public confidence in the legal system and to protect and enhance the attorney-client relationship in all its dimensions. *State v. Hawes*, 251 Neb. 305, 556 N.W.2d 634 (1996). Both the fiduciary relationship existing between attorney and client and the proper functioning of the legal system require the preservation by the attorney of confidences and secrets of one who has employed or sought to employ him or her. *Id.* We conclude that the district court had a clear duty to protect the attorney-client privilege asserted.

## 3. NO OTHER REMEDY

Finally, a writ of mandamus is appropriate if no other plain and adequate remedy is available to the relators in the ordinary course of the law. See *State ex rel. Upper Republican NRD, supra.* Generally, a discovery order can be reviewed on appeal from a final judgment in the case; however, when the remedy, though available, is inadequate, mandamus will lie. *State ex rel. FirsTier Bank v. Mullen*, 248 Neb. 384, 534 N.W.2d 575 (1995).

This court has found mandamus appropriate when it was necessary to prevent disclosure of privileged information. In the context of attorney-client confidences, we have considered whether issuance of a peremptory writ of mandamus was warranted to direct the trial court to disqualify a law firm. See *State ex rel. Freezer Servs., Inc. v. Mullen*, 235 Neb. 981, 458 N.W.2d 245

(1990) (decided under Code of Professional Responsibility). A lawyer in the firm had once represented the opposing party in the same litigation and had obtained confidential information pertinent to that litigation. We considered mandamus to be appropriate and found that an appeal would be an inadequate means to present the issue for review. We reasoned: "By the time the issue could be presented to an appellate court, any divulgence of confidences will have already occurred, and an appellate court cannot return the parties to the status quo ante." *State ex rel. Freezer Servs., Inc.*, 235 Neb. at 996, 458 N.W.2d at 254.

Federal courts find mandamus proper when a trial court has abused its discretion in ordering the disclosure of privileged materials, " '[b]ecause maintenance of the attorney-client privilege up to its proper limits has substantial importance to the administration of justice, and because an appeal after disclosure of the privileged communication is an inadequate remedy.' " See *In re BankAmerica Corp. Securities Litigation*, 270 F.3d 639, 641 (8th Cir. 2001). See, also, *In re General Motors Corp.*, 153 F.3d 714, 715 (8th Cir. 1998) (finding "extraordinary remedy of mandamus" appropriate because "district court's order would otherwise destroy the confidentiality of the communications at issue").

The plaintiff, as intervenor, argues that mandamus is inappropriate in this case because the district court's order compelling disclosure of communications between Pace and Vipond can be effectively reviewed on appeal from a final judgment. The plaintiff relies on *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 718 N.W.2d 531 (2006), in which this court held that an interlocutory discovery order compelling the production of documents for which a claim of attorney-client privilege was asserted could be adequately reviewed on appeal from a final judgment and, thus, was not appealable under the collateral order doctrine. However, that case provides little guidance in the present case. *Hallie Mgmt. Co.* came before this court as an attempt to appeal an interlocutory order. We did not address the appellees' alternative assertion that the appellant should have sought review of the discovery order by seeking a writ of mandamus.

We conclude that an appeal after the disclosure of the privileged communications at issue would be an inadequate remedy in this case.

## VI. CONCLUSION

Having determined that the three prerequisites for mandamus are met in this case, we conclude that a writ of mandamus is appropriate. Thus, we order that a peremptory writ of mandamus be issued directing the district court to vacate the order compelling the disclosure of the communications between Vipond and Pace and to enter an order sustaining Pace's objections to discovery by the plaintiff of such communications.

PEREMPTORY WRIT ISSUED.

GERRARD, J., not participating.