STATE OF NEBRASKA EX REL. DONALD NEWMAN AND MARIETTA
NEWMAN, APPELLANTS, V. COLUMBUS TOWNSHIP BOARD,
A BODY POLITIC, ET AL., APPELLEES.
735 N.W.2d 399

Filed June 26, 2007.    No. A-06-575.

Mark M. Sipple, of Sipple, Hansen, Emerson & Schumacher, for appellants.

Clark J. Grant, of Grant & Grant, for appellees.

INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Donald Newman and Marietta Newman sued the Columbus Township Board and Columbus Township Board members Steve Blaser, David Scharff, and Rick Braun (collectively Appellees), seeking a writ of mandamus to require Appellees to put into effect the motions passed by the electors of the township at their 2005 annual meeting. We conclude that the electors of the township at the annual meeting constituted a public body subject to Nebraska's Open Meetings Act (the Act); that the actions voted upon during the annual meeting were not adequately identified on the agenda, in violation of the Act; and that the Newmans failed to demonstrate a clear right to mandamus relief. We therefore affirm the decision of the district court dismissing the suit.

## BACKGROUND

We recognize that Neb. Rev. Stat. § 23-219 (Reissue 1997) specifies that "[t]he corporate name of each town shall be the town of (name of town)." However, the provisions in chapter 23, article 2, of the Nebraska Revised Statutes concerning "Counties Under Township Organization" use "town" and "township" seemingly interchangeably. As the parties use the term "Columbus Township" to refer to the particular political subdivision at issue, and in order to avoid confusion with the city of Columbus, Nebraska, we will refer to the subdivision in the same manner.

The Newmans are electors of the Columbus township in Platte County, Nebraska. Blaser, Scharff, and Braun were at all relevant times elected, appointed, qualified, and acting members of the Columbus Township Board. On September 15, 2005, the Columbus township held its annual meeting. The notice of the time and place of the meeting was published on September 8 in the Columbus Telegram newspaper, and the notice stated that the meeting agenda was available for public inspection at the "Cornhusker Public Power office" during normal business hours.

The agenda for the annual meeting stated that there was no old business to be discussed. The agenda listed the following items as new business: rates for custom work, insurance policies, an equipment update, equipment storage, and meeting notices.

The Newmans attended the September 15, 2005, meeting, as did Scharff, Blaser, and nine electors of the township. During the annual meeting, the electors and the two board members in attendance voted to (1) permanently terminate the services of an employee, (2) reduce the per diem paid to Columbus Township Board members per meeting from $250 to $150, (3) change the meeting place of the Columbus Township Board from "Cornhusker Public Power offices" to a more central location in the city of Columbus, and (4) sell the "old maintainer." No emergency was declared with regard to the motions underlying those votes, and no effort was made to modify the agenda to include those items.

On September 22, 2005, the Columbus Township Board next met for a regular monthly meeting, and it declared void all motions passed at the September 15 annual meeting.

On December 1, 2005, the Newmans filed a petition seeking an alternative and peremptory writ of mandamus compelling the performance of the actions taken at the September 15 annual meeting. The petition alleged that the annual meeting was in accordance with Neb. Rev. Stat. §§ 23-224, 23-227, and 23-228 (Reissue 1997). The Newmans alleged that they had no plain and adequate remedy in the ordinary course of law or equity.

On December 23, 2005, Appellees filed an answer and counterclaim. The counterclaim sought an order declaring void the above-mentioned motions made at the September 15 annual meeting. Appellees alleged that because the agenda did not contain any items concerning the termination of an individual's employment, a reduction in the per diem paid to the Columbus Township Board members, a change of meeting place, or the sale of the "old maintainer," the motions made and passed at the annual meeting violated Neb. Rev. Stat. § 84-1411 (Cum. Supp. 2004).

On April 24, 2006, the district court entered its order finding that the Newmans were not entitled to relief and dismissing the complaint. The court determined that the electors of the

township were a governing body and that the electors present at the annual town meeting thus constituted a "'public body'" subject to the Act. The district court denied Appellees' counterclaim, concluding that no township official had the capacity to maintain an action to declare official township conduct void for noncompliance with the Act.

The Newmans timely appeal.

## ASSIGNMENTS OF ERROR

The Newmans allege that the district court erred in (1) determining that electors present at the annual town meeting were a "'public body'" subject to the Act, (2) determining that the electors were subject to the agenda requirement of the Act and that they could not avoid the inadequacy of an agenda even though they did not make it, (3) determining that actions taken by the electors at the annual town meeting were in violation of the agenda requirement of the Act, (4) failing to determine that Appellees had a duty to perform the acts voted upon and passed at the annual meeting, and (5) holding that the Newmans failed to clearly and conclusively show that they were entitled to mandamus relief and dismissing their petition.

## STANDARD OF REVIEW

■ Statutory interpretation presents a question of law. *City of Elkhorn v. City of Omaha*, 272 Neb. 867, 725 N.W.2d 792 (2007). When reviewing questions of law, we resolve the questions of law independently of the trial court's conclusions. *Id.*

## ANALYSIS

### PURPOSE OF ACT

■ The Legislature has declared the policy of this state to be that "the formation of public policy is public business and may not be conducted in secret" and that with a few exceptions, "[e]very meeting of a public body shall be open to the public in order that citizens may exercise their democratic privilege of attending and speaking at meetings of public bodies." Neb. Rev. Stat. § 84-1408 (Cum. Supp. 2006). The Nebraska public meetings laws are a statutory commitment to openness in government. *Wasikowski v. Nebraska Quality Jobs Bd.*, 264 Neb.

403, 648 N.W.2d 756 (2002). As a result of open meetings, there will be development and maintenance of confidence, as well as participation, in our form of government as a democracy, and in this manner, government may be accountable to the governed. *Grein v. Board of Education*, 216 Neb. 158, 343 N.W.2d 718 (1984). The open meetings laws should be broadly interpreted and liberally construed to obtain their objective of openness in favor of the public. See *State ex rel. Upper Republican NRD v. District Judges*, 273 Neb. 148, 728 N.W.2d 275 (2007).

### TOWNSHIP ORGANIZATION

■ A township is a subdivision of the state and is organized as a unit of county government under authority of the state legislature. 87 C.J.S. *Towns* § 4 (2000). Such townships, also called towns, constituted the original units of local government in New England, forming the constituent elements of the colonies and states. *Id.* "In their essential nature they have remained unchanged, having undergone only such modifications as have been rendered necessary by time and adaptation to changed conditions." *Id.* at 18.

■ Township organization is one of the rare examples in Nebraska of direct democracy. The distinguishing feature of township organization lies in the application of the principle of local self-government. *Van Horn v. State*, 46 Neb. 62, 64 N.W. 365 (1895). The powers of a township are usually exercised by vote of a town meeting or of the town council. 87 C.J.S. *Towns* § 58 (2000). The essential characteristic of the township meeting form of government is that all the qualified inhabitants meet, deliberate, act, and vote in their natural and personal capacities in the exercise of their corporate powers, each qualified inhabitant of the town having an indisputable right to vote on every question presented, as well as to discuss it. *Id.* It exercises both legislative and executive functions. *Id.*

### WHETHER ELECTORS OF TOWNSHIP ARE "PUBLIC BODY"

The question we must answer is whether the electors of a township at their annual meeting are a public body under the Act. The district court answered that question in the affirmative, determining that the electors were a governing body.

█ The Act provides that public bodies mean, among other things, "governing bodies of all political subdivisions of the State of Nebraska." Neb. Rev. Stat. § 84-1409(1)(a)(i) (Cum. Supp. 2006). A township is a political subdivision. *Steenblock v. Elkhorn Township Bd.*, 245 Neb. 722, 515 N.W.2d 128 (1994). The town board is subject to the Act. See *id.* However, the court in *Steenblock, supra*, did not consider whether the electors, when gathered for the township's annual meeting, constituted a "governing body."

Because the Act does not define "governing bodies," we look to other Nebraska statutes which purport to define the phrase. In some instances, other statutes would appear to designate only the town board as the "governing body." Neb. Rev. Stat. § 13-2202(2) (Cum. Supp. 2006) states that for purposes of the Local Government Miscellaneous Expenditure Act, the "[g]overning body" of a township is the town board. The Political Subdivisions Tort Claims Act contains the following definition:

> Governing body shall mean the village board of a village, the city council of a city, the board of commissioners or board of supervisors of a county, the board of directors of a public power district . . . and any duly elected or appointed body holding the power and authority to determine the appropriations and expenditures of any other unit of local government.

Neb. Rev. Stat. § 13-903(2) (Cum. Supp. 2006). This definition would certainly include the township board; but, because the electors of a town are neither "elected" nor "appointed," it may not include them. Because in both instances, the definitions are expressly made "[f]or purposes of" the particular act, neither definition is controlling in the case before us. See §§ 13-903 and 13-2202.

Other statutes explicitly equate electors of a township with a "city council" or "mayor and council," a "village board" or "board of trustees," and a "county board" or "board of supervisors or commissioners" when discussing powers given to such equivalent bodies. See, Neb. Rev. Stat. §§ 51-201 and 51-501(1) (Reissue 2004) (library and museum, respectively); Neb. Rev. Stat. § 71-1637(1) (Reissue 2003) (home health nurse

or agency); Neb. Rev. Stat. § 80-202 (Reissue 2003) (erection of statue, monument, or memorial). Where § 71-1637(2) states that "[t]he governing body of any city, village, county, or township may contract with [health care providers], subject to the supervision of the governing body," it clearly refers to the electors discussed in § 71-1637(1).

The electors of a township at their annual meeting have a broad range of control over functions of the township. They can sell the township's corporate property, provide for instituting a lawsuit on the township's behalf, construct public wells, direct the raising of money by taxation for certain purposes, and make bylaws, rules, and regulations needed to effectuate the powers granted by statute and to impose fines and penalties under certain circumstances. § 23-224. Section 23-228 additionally empowers the electors to elect township officers as may be needed to direct the institution and defense of lawsuits; direct money to be raised for the support and maintenance of roads and bridges or for any other purpose provided by law as they deem necessary; take measures and give directions for the exercise of their corporate powers; impose penalties upon persons offending against any such regulations; and make rules, regulations, and bylaws necessary to carry into effect the powers granted by § 23-228.

■ We conclude that the electors of a township, when assembled at the annual meeting, constitute a governing body of the township. At other times, the individual electors do not constitute members of a governing body. In the hours and days before the annual meeting and the hours and days after that meeting, the electors are not a governing body. But when the electors come together at the annual meeting to exercise the powers granted to them by statute, they become a governing body of a political subdivision and are thus a public body subject to the requirements of the Act.

## AGENDA REQUIREMENT OF ACT

■ In the instant case, because the electors at the annual town meeting constituted a public body under the Act, they were bound by the Act's notice requirements, which notice must include an agenda. The purpose of the agenda requirement is to

give some notice of the matters to be considered at the meeting so that persons who are interested will know which matters are under consideration. See *Pokorny v. City of Schuyler*, 202 Neb. 334, 275 N.W.2d 281 (1979). An agenda is important because the electors of the township may not be the only "persons who are interested" in the actions to be considered during the annual meeting. The Act clearly contemplates that "citizens," as well as members of the general public and reporters or other representatives of news media, are intended as beneficiaries of the openness sought by the Act. See §§ 84-1408 and 84-1411.

██ Under § 84-1411(1), each public body must give reasonable advance publicized notice of the time and place of each meeting, and the notice must contain an agenda "of subjects known at the time of the publicized notice or a statement that the agenda, which shall be kept continually current, shall be readily available for public inspection." That statute also grants the public body the right to modify the agenda to include items of an emergency nature. The statutes relating to townships and annual or special meetings also contain notice requirements. Section 23-227 requires publication of notice of the time and place of the annual meeting but does not require an agenda. But Neb. Rev. Stat. § 23-230 (Reissue 1997) states that notice of a special town meeting "shall set forth the objects of the meeting as contained in the statement," and Neb. Rev. Stat. § 23-231 (Reissue 1997) provides that "special town meetings shall have no power to act upon any subject not embraced in the statement of the notice calling the same." The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed in pari materia to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *State v. County of Lancaster*, 272 Neb. 376, 721 N.W.2d 644 (2006). Reading these statutes together, we find no conflict between the notice contemplated in § 23-227 and the notice requirements of § 84-1411. The latter statute imposes an additional requirement concerning agenda items consistent with the general notice of meeting required by § 23-227.

In *Hansmeyer v. Nebraska Pub. Power Dist.*, 6 Neb. App. 889, 895, 578 N.W.2d 476, 481 (1998), this court held that

an agenda item which simply stated "'Work Order Reports'" was insufficient to give adequate public notice of a decision to approve a work order which involved an expenditure of over $47 million for the construction of a 96-mile transmission line across privately held property to connect two power substations. We stated that the agenda "did not give the public meaningful notice so as to enable the public to observe and participate in the decisionmaking process." *Id.* Effective July 14, 2006, the Legislature amended § 84-1411(1) to add that agenda items shall be "sufficiently descriptive to give the public reasonable notice of the matters to be considered at the meeting." 2006 Neb. Laws, L.B. 898.

The Newmans argue that the agenda advertising the meeting as the annual meeting "puts all on notice that those powers conferred upon electors as per state statute could be exercised." Brief for appellants at 12. As discussed above, the electors at the annual meeting have a wide range of powers under §§ 23-224 and 23-228. Declaring only that a meeting is the annual meeting does not provide the meaningful notice of the subject matter of the meeting. The agenda in the case at hand listed the following items to be considered during the meeting: rates for custom work, insurance policies, an equipment update, equipment storage, and meeting notices. During the meeting, however, the electors voted to terminate an individual's employment, reduce the Columbus Township Board members' compensation, change the meeting place of the Columbus Township Board, and sell the "old maintainer." No emergency was declared, and the electors made no effort to modify the agenda to include the items upon which they voted. We conclude that the agenda in the instant case failed to advise the general public of the matters at issue.

We recognize that the agenda requirement of § 84-1411 imposes some minimal obligation upon an elector desiring to raise a matter at the annual meeting. In the "old days," an elector could simply appear at the annual meeting and bring up any subject falling within the broad powers of the electors. Under the Act, generally, in advance of the meeting, the elector must request an addition to an agenda. The Act places great value on the openness and knowledge fostered by such requirements.

Whether the benefit gained by the public from such openness and knowledge outweighs the detriment to the individual elector represents a policy judgment properly belonging to the Legislature.

The Newmans contend that the "public body" is responsible for preparing the agenda and that the electors would not have the ability to control the agenda. Brief for appellants at 12 (emphasis omitted). We disagree. Section 23-230 provides a manner for the electors to call for a special town meeting and to get a matter included in the notice for the meeting. The electors could take similar action for the annual town meeting, notifying the town clerk in writing of matters to be placed on the agenda.

### MANDAMUS IS NOT APPROPRIATE

The Newmans brought suit seeking a writ of mandamus requiring the Columbus Township Board to put into full force and effect those actions voted upon and passed at the annual meeting. Mandamus is appropriate when (1) the relator has a clear legal right to the relief sought, (2) there is a corresponding clear duty existing on the part of the respondent to perform the act in question, and (3) there is no other plain and adequate remedy available in the ordinary course of the law. *State ex rel. Stivrins v. Flowers*, 273 Neb. 336, 729 N.W.2d 311 (2007). In a mandamus action, the relator has the burden of proof and must show clearly and conclusively that such party is entitled to the particular remedy sought and that the respondent is legally obligated to act. *Id.*

Because the actions taken by the electors at the annual meeting violated the agenda requirement of the Act, the Newmans failed to clearly and conclusively show that they had a clear legal right to a writ of mandamus compelling the performance of the actions taken at the annual meeting. The district court properly denied the Newmans' complaint.

### CONCLUSION

Because the electors of a township at the annual meeting are a governing body of a political subdivision, they are a public body subject to the requirements of the Act. The Newmans failed

to show a clear right to the relief sought, i.e., to have effect given to the actions voted upon and passed during the annual meeting, because the subjects of those matters were not identified on the agenda as required by the Act. We affirm the decision of the district court dismissing the Newmans' complaint.

AFFIRMED.